### WASHBURN *v.* NATIONAL ACC. SOC.

*(Supreme Court, General Term, Fifth Department.* June 20, 1890.*)*

1. LIFE INSURANCE—SUICIDE—EVIDENCE.

   In an action on a life insurance certificate, which prohibited a recovery for death of the assured caused by suicide, it appeared that assured's dead body was found near a highway, in a cleared space surrounded by underbrush, with a bullet hole through the back of his head. The bullet had entered his head $1\frac{1}{2}$ inches back of his right ear, and passed upward towards his left eye. He was 21 years of age, temperate, cheerful, industrious, and honest, was on good terms with all members of his family, and had given them a portion of his earnings. He had been out of employment for a while, and about a week before his body was found told his parents that he was going away. When found, his right hand was lying by his side, unclinched, and a revolver with one chamber empty lay between his legs. The bullet in his head was of the same caliber as this revolver. There was no evidence of a struggle. Five cents, a silver watch, a neck-tie pin, and a receipt for payment of premium to defendant were found on his person. One witness testified that the hair on the back of his head was singed, but this was denied, and it was shown that insanity had never existed in his family. No motive for committing suicide was shown. *Held,* that whether he had committed suicide was a question for the jury.

2. SAME—EXPERT EVIDENCE.

   Testimony of a physician that, in cases of instantaneous death, there is an involuntary and immediate rigidity of the muscles, which would have caused the hand to cling to the revolver, and rendered it impossible for deceased to place the revolver between his legs after shooting himself, was admissible.

Appeal from circuit court, Cattaraugus county.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*C. D. Davie,* for appellant. *Stephen W. Collins,* for respondent.

MACOMBER, J. This action is brought to recover of the defendant, which is a life and accident insurance company, organized upon the co-operative or assessment plan, the sum of $5,000, in pursuance of a certificate of membership issued to one Charles S. Washburn, of Carlton, N. Y., for the benefit of the plaintiff, who is the father of the assured. The policy was issued on the 3d day of November, 1886. On the 5th day of November, 1887, in the vicinity of Cooperstown, Pa., near a highway, in the center of a cleared space, which was surrounded by underbrush, the body of the assured was found with a bullet hole through the back of his head, which had caused his death. The bullet entered the skull an inch and a half back of the right ear, and

passed through the brain, and its course inclined a little upward and forward, nearly in the direction of the left eye. The deceased was 21 years of age, and for a while, and immediately preceding his death, was out of employment. He had previously, however, been engaged as a salesman and book-keeper in a country dry-goods store at West Branch, N. Y. He was shown to have been a young man of temperate habits, no evil associations, of a cheerful disposition, industrious, and honest. He was on the best of terms with all members of his family, and had given, at times, a portion of his earnings to his mother and his sister. After leaving his employment he notified his father and mother that he was going away, but did not tell them whither he was going. This was one week before his body was discovered. When found, his right hand was lying by his right side unclinched, and between his legs lay a thirty-two caliber revolver with one chamber empty. The bullet found in his head corresponded to the caliber of the revolver. There was no evidence of a struggle, his clothes being free from dirt; his hat was placed a little to one side of him. The sum of five cents only was found upon his person, together with a receipt of payment of a premium to the defendant, a silver watch, and a neck-tie pin made of a dollar gold piece. At the close of the evidence, the learned judge at the circuit directed a verdict for the defendant, upon the ground that the evidence, as viewed by him, conclusively established the fact that the deceased died by his own hand, and that the payee of the policy could not recover thereon; for by its terms no recovery could be had in case of suicide by the assured, whether sane or insane. This is the only question before us upon the merits of the case.

We are of the opinion, under all the circumstances attending the case, that the learned judge erred in withdrawing the consideration of the facts from the jury. The evidence was not altogether uncontradictory. One witness testified that there were marks of singeing of the hair on the back of the head, indicating that the revolver was placed close to the skull when fired. Another witness, the undertaker, testified that he examined particularly to see in regard thereto, and found no marks of singeing of the hair by gunpowder or otherwise. It was also shown that insanity had never existed in the family of the deceased, either upon his father's or mother's side. This fact distinguishes this case from that of De Gogorza v. Insurance Co., 65 N. Y. 232. There was no motive shown why he should take his own life. He had had no trouble with his employers, nor with any other person. They had paid him fair wages, and he was well liked by them. It is contended on the part of the defendant that the location of the wound and attitude of the body indicated suicide, and it is urged with equal force, on the other side, that the same matters indicated the contrary. We think the inference to be drawn from all of the evidence was one of fact, and that the case did not present a question of law, arising, as was supposed by the learned judge at the circuit, upon undisputed facts. The presumption of law is against the assumption of suicide, where it appears that a violent death was the result either of accidental injuries or a suicidal act. Mallory v. Insurance Co., 47 N. Y. 52.

It was purely the province of the jury to interpret the facts, and to pronounce the conclusion thereon. Undoubtedly different inferences may be drawn from such evidence, but this does not make the case one for the interposition of the court against the province of the jury. If the conclusion from all of the facts is doubtful, it is error for the court to dispose of the same as a question of law. Powell v. Powell, 71 N. Y. 71; Belton v. Baxter, 58 N. Y. 411. In the case of Insurance Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. Rep. 1360, the provision in the policy was substantially the same as in this one, namely, an insurance against death from external, violent, and accidental means, and on which no recovery could be had in case of suicide by the assured, whether he was sane or insane. It was held that death from external violence, shown by proof of a pistol shot through the heart of the de-

ceased, raised a question of suicide or accident for the jury. In that case, however, the question was one, apparently, not of suicide or accidental shooting, but of suicide or murder. And it is contended by the learned counsel for the respondent that, under the terms of the policy before us, if the deceased was murdered, he cannot recover; for the provision of the policy is that, in case of "intentional injuries inflicted by the insured, or other person, * * * no recovery can be had." The evidence disclosed by the printed case does not, in our judgment, call upon us to express any opinion as to the right of the plaintiff to recover in the case of the actual murder of the son. The case of the plaintiff upon the question of suicide was sought to be strengthened by an offer of testimony by a physician to the effect that, in cases of instantaneous death, as this was claimed to be, there is an involuntary and immediate rigidity of the muscles which would cause the hand to cling to the revolver; rendering it impossible for the deceased, if he was a suicide, to place the weapon between his legs after the shooting. This was objected to, and the objection sustained, to which an exception was taken. This evidence was within the realm of expert testimony, and should have been admitted. *Eygler* v. *People*, 56 N. Y. 642. The order appealed from should be reversed, and a new trial granted, with costs to the plaintiff to abide the event.

CORLETT, J., concurs. DWIGHT, P. J., concurs on ground secondly stated in the opinion.