Filed May 11, 1894.

————————◆————————

No. 16,801.

COSBY ET AL. *v.* POWERS.

PLEADING.—*Complaint.*—*Parties Plaintiff not Named in Body of Pleading.*—*Caption.*—Where a paragraph of complaint fails to name in the body thereof the parties plaintiff contained in the caption, such omission is not a fatal defect.

SAME.—*Complaint.*—*To Set Aside a Foreclosure Decree.*—*Collateral Attack.*—*Notice.*—Where a complaint to set aside a decree of foreclosure and sale of real estate alleges notice by publication upon an affidavit of nonresidence deposited but not filed, such notice failing to state the character of the action, the plaintiffs (defendants in the foreclosure suit) being residents of this State, and it not appearing that they were not also served by summons, the complaint is insufficient as a collateral attack on the foreclosure proceedings.

Cosby *et al. v.* Powers.

JUDGMENT.—*Collateral Attack.*—*Default.*—*Minor.*—*Guardian Ad Litem.*
—Where the court defaulted minors in a foreclosure proceeding,
upon answer of general denial by guardian *ad litem,* and rendered
decree against them without evidence, the decree is not void, and
can not be collaterally attacked.

From the Clinton Circuit Court.

*G. W. Paul,* for appellants.

*T. H. Palmer* and *W. F. Palmer,* for appellee.

HACKNEY, J.—The appellants sued to set aside a de-
cree of foreclosure and a sale of real estate under such
decree.

It was alleged that the complaint in the foreclosure
proceeding was in two paragraphs.

The first paragraph is not set out in the complaint be-
fore us, and its only alleged defect was in failing to
name, in the body thereof, these appellants, though it
does appear that they were named in the title of the ac-
tion, as stated in the introductory portion or caption.

The second paragraph described the land only by refer-
ence to the first paragraph, and alleged an adverse claim,
by the appellants, of the title to the land, and asked that
they appear and answer as to their interest.

There were no allegations with reference to the mort-
gage. The omission from the first paragraph was not
fatal.

We can not say that there were not allegations suffi-
cient to identify the appellants by reference to them as
their names were so stated in the title of the action.  If
we should go to the extent of holding that the title of
the action, so stated, was not a necessary part of the com-
plaint, we could not say that such references could not
be made to it as to identify the parties complained of.

In this objection to the pleading upon which the fore-
closure decree was based, the appellants deny that there
were sufficient facts pleaded to invoke jurisdiction of the

parties, but since we must indulge every presumption in favor of the pleading, which is not overthrown by the allegations of the attacking party, it will be taken as true that the appellants were sufficiently identified and connected by the allegations with the cause of action. If, therefore, the first paragraph is presumed to have been sufficient to support the decree, it will be unnecessary to consider the alleged weaknesses of the second paragraph.

The complaint before us alleges that with the complaint in the foreclosure suit was deposited, but not marked filed, an affidavit of the nonresidence of the appellants; that, without an order of the court, the clerk made publication in term time, of a notice of the nonresidence of the appellants, and therein wholly failed to state the character of the action in which appellants were thus notified to appear; and that the appellants were, in fact, residents at that time of this State. It is further alleged that one of the appellants was notified also by summons, but there is no allegation that the only service upon the other appellants was by said publication; in other words, it does not appear that they were not served by summons also. When it is remembered that this proceeding is a collateral attack upon the decree, and when it is remembered that the decree is not presented for inspection, it must be presumed that the court found that the service of process was sufficient, and it is a familiar rule that where there is some notice, and it has been found sufficient, however erroneous the finding, the only remedy is by direct proceeding. *Essig* v. *Lower*, 120 Ind. 239.

It is still further alleged that the court appointed a guardian *ad litem* for three of the appellants, who were minors, and said guardian filed an answer in denial, and that thereupon the court defaulted said minors and rendered

a decree against them without evidence.   This objection is not of such force as to defeat the jurisdiction of the court, it was but an irregularity not rendering the decree void, and, therefore, not the basis of a collateral attack. *McBride* v. *State,* 130 Ind. 525.   A fatal objection to most, if not all, of the questions urged by the appellants, is in the fact that they do not bring forward the decree or allege its findings and conclusions. If we are to presume in favor of the jurisdiction and findings of the court whose decree is attacked collaterally, and of this presumption there is no doubt, we will treat the decree as having found the existence of proper notice, and the regularity of all proceedings.   There is no error in the ruling of the circuit court in sustaining the appellee's demurrer to the appellants, complaint; and, no other error being assigned, the judgment is affirmed.

Filed May 10, 1894.