JENNETTE W. HALE v. LIFE INDEMNITY & INVESTMENT COMPANY.[1]

July 2, 1895.

Nos. 9350—(203).

**Life Insurance—Suicide as a Defense—Burden of Proof.**

In an action upon an insurance policy, where the defense set up is suicide, the burden of proving it is upon the party alleging it, if there is no concession on the part of the other party that the insured came to his death by any other than a natural cause.

**Same—No Presumption of Suicide.**

Ordinarily the love of life is a sufficient inducement for its preservation, and, in the absence of proof that death resulted from other than natural causes, suicide will not be presumed.

**Same—Question for the Jury.**

Where there is any evidence reasonably bearing upon the points of accident, mistake, or suicide, the question is one for the jury.

**Same.**

Evidence in the case bearing upon the question of suicidal intent on the part of the insured considered, and *held* sufficient to require the trial court to have submitted it to the jury.

[1] Reported in 63 N. W. 1108.

Appeal by defendant from a judgment of the district court for Hennepin county. The case was tried before Elliott, J., and a jury, which rendered a verdict in favor of plaintiff for $10,490. Reversed.

*James O. Pierce*, for appellant.

In cases of alleged suicide, a presumption as to the cause of death is to be indulged in only where a person is found dead, without more. In such case the presumption is that death was natural or accidental. Germain v. Brooklyn Life Ins. Co., 26 Hun, 604; Guardian Ins. Co. v. Hogan, 80 Ill. 35; Mutual Benefit Life Ins. Co. v. Daviess, 87 Ky. 541, 9 S. W. 812; Shank v. United Brethren Soc., 84 Pa. St. 385; Continental Ins. Co. v. Delpeuch, 82 Pa. St. 225; Stormont v. Waterloo Assurance Co., 1 F. & F. 22; Bachmeyer v. Mutual Reserve Assn., 82 Wis. 255, 52 N. W. 101, 22 Ins. L. J. 98; McClure v. Mutual Life Ins. Co., 3 Ins. L. J. 228; Weed v. Mutual Benefit Life Ins. Co., 70 N. Y. 561; Coffey v. Home Life Ins. Co., 44 How. Pr. 481; Insurance Co. v. Rodel, 95 U. S. 232; Connecticut Ins. Co. v. Lathrop, 111 U. S. 612, 4 Sup. Ct. 533.

Where there is additional evidence in such cases, no presumption as to the cause of death is to be indulged in. Mutual Life Ins. Co. v. Tillman, 84 Texas, 31, 21 Ins. L. J. 788, 19 S. W. 294; Accident Ins. Co. v. Bennett, 90 Tenn. 256, 20 Ins. L. J. 769, 16 S. W. 723; Persons v. State, 90 Tenn. 291, 16 S. W. 726; Bois v. Massachusetts M. L. Ins. Co., 14 Ins. L. J. 237; Williams v. United States M. A. Assn., 133 N. Y. 366, 31 N. E. 222; Mutual Life Ins. Co. v. Hayward (Texas Court of Civil Appeals) 27 S. W. 36; Washburn v. National Accident Soc., 57 Hun, 585, 10 N. Y. Supp. 366; Keels v. Mutual Reserve Assn., 29 Fed. 198.

Where there is evidence in addition to the mere fact of death, the question becomes one of fact to be tried like similar questions. Mallory v. Travelers' Ins. Co., 47 N. Y. 52; Travellers' Ins. Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360; Home Ben. Assn. v. Sargent, 142 U. S. 691, 12 Sup. Ct. 332; Biddle, Ins. § 853; Bentz v. Northwestern Aid Assn., 40 Minn. 202, 41 N. W. 1037. See, also, Travelers' Ins. Co. v. Sheppard, 85 Ga. 751, 12 S. E. 18; Walcott v. Metropolitan L. Ins. Co., 64 Vt. 221, 24 Atl. 992; Whitlatch v. Fidelity & Casualty Co., 71 Hun, 146, 24 N. Y. Supp. 537; MacDonald v.

Refuge Assu. Co., 17 Scotch Sess. Cas. (4th Series) 955; Gold-schmidt v. Mutual Life Ins. Co., 102 N. Y. 486, 7 N. E. 408; Merrett v. Preferred Masonic Mut. Acc. Assn., 98 Mich. 338, 57 N. W. 169; Penfold v. Universal Life Ins. Co., 85 N. Y. 317; Wills, Circum-stantial Ev. 16, 19, 26; Van Zandt v. Life Ins. Co., 55 N. Y. 169, 1 May, Ins. § 316; Morselli, Suicide, 270; Ray, Medical Juris. § 476; 2 Reeves, Hist. Eng. Law, 275; O'Dea, Suicide, 113, 185.

*Larrabee & Gammons*, for respondent.

The burden is on defendant, not only to show that the deceased did some act which caused his death, but to show that he did it with intent to cause his death. Death is presumed to have been the re-sult of natural or accidental causes. 1 May, Ins. § 325; Travellers' Ins. Co. v. McConkey, 127 U. S. 661; Walcott v. Metropolitan L. Ins. Co., 64 Vt. 221, 24 Atl, 992; Cronkhite v. Travelers' Ins. Co., 75 Wis. 116; Cluff v. Mutual B. L. Ins. Co., 99 Mass. 317; Goldschmidt v. Mutual L. Ins. Co., 102 N. Y. 486.

BUCK, J. This action is brought upon a life insurance policy issued by the defendant to James B. Rouse, and in which the plain-tiff claimed an interest. The policy contained this warranty on the part of the insured, viz.: "I warrant and agree that I will not die by my own voluntary act during the said period of two years." One defense was that the insured did, within said period, die by his own voluntary act, by taking internally sufficient morphine to cause his death, with intent so to do. The policy was issued to Rouse on September 7, 1892, and he died November 25, 1893. He was 32 years of age at the time of the insurance, and was the general agent of the Hartford Life & Annuity Insurance Company residing at Minneapolis.

The only material question which we deem it necessary to discuss, and that briefly, is what the defendant denominates the "main issue of the case," viz. the question of the voluntary self-destruction of Rouse. When the parties rested the court took from the jury this question of death by suicide, and held that there was not sufficient evidence to go to the jury upon that issue. In this we are of the opinion that the court below erred.

The defendant contends that the evidence is conclusive that death

was caused solely by morphine poisoning, while the respondent contends that "Rouse was suffering from the early stages of meningitis, then came the morphine, and the two together produced death." There is strong evidence tending to prove that Rouse died solely from the effect of morphine poisoning. But, if this is true, in order that the defendant can succeed, it must also show that Rouse took the poison with suicidal intent. The love of life is ordinarily a sufficient inducement for its preservation, and, in the absence of proof that death resulted from other than natural causes, suicide will not be presumed. "When the dead body of the assured is found under such circumstances, and with such injuries, that the death may have resulted from negligence, accident, or suicide, the presumption is against suicide, as contrary to the general conduct of mankind,—a gross moral turpitude, not to be presumed in a sane man; and whether it was from one or the other, if there is any evidence bearing upon the point, it is for the jury, as, for instance, whether the taking of an overdose of laudanum was intentional, or by mistake." 1 May, Ins. § 325. The rule is not whether there is a preponderance of evidence one way or the other, but whether there is any evidence fairly and reasonably tending to break the presumption against suicide.

In this case there was sufficient evidence to go to the jury as to whether Rouse took the morphine as a relief against physical suffering or sickness, or with suicidal intent. Its weight, under proper instructions from the court, was for the jury. As bearing in a greater or less degree upon this question, they should have been permitted to consider the fact that up to the time of taking the morphine he was in perfect health; that he was in the prime of life (only 33 years old); that he died suddenly; his financial condition; that his life was insured for a large amount, in which his creditor claimed an insurable interest,—and to consider the business in which he was engaged, and also consider the question of whether there was any reason for his taking his own life, if he did so.

We think that it is a presumption of law that when death may have resulted from accident, mistake, or suicide, it should not be presumed to be on account of suicide, but rather from accident or mistake, and that in this case the character of the evidence is such that the defendant should not have been debarred from submitting

it to the jury upon the question of suicide by Rouse. Of course, as the suicide is set up by the defendant, the burden of proving it as a defense rests upon it, especially as there is no concession on the part of the plaintiff that Rouse came to his death by any other than a natural cause.

The order denying the motion for a new trial is reversed.