# Ferra Williams, et al., v. The Supreme Court of Honor.

1. JUROR—*when overruling challenge to, harmless error.* Where a verdict upon the facts is clearly right, it is harmless error to have improperly overruled a challenge for cause.

2. SUICIDE—*degree of proof required to establish.* In a civil action it is only necessary that the defense of suicide introduced to an action upon an insurance policy be established by a preponderance of the evidence.

Action of assumpsit. Error to the City Court of Mattoon; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

JOHN McNUTT, JR., for plaintiff in error.

CRAIG & KINZEL, for defendant in error; WILLIAM B. RISSE, of counsel.

MR. JUSTICE GEST delivered the opinion of the court.

On the 28th day of November, 1902, the defendant in this cause, The Supreme Court of Honor, issued its certificate of membership to Clinton Williams. His wife, Lulu Williams, and his children, the other plaintiffs in error, were made the beneficiaries under the certificate. On the 27th of the next month Clinton Williams died and the defendant refusing to pay the amount called for by the certificate, this suit was brought. The certificate provides that defendant shall not be liable if the insured commits suicide " whether sane or insane except it be committed in delirium resulting from illness, or while the member is under treatment for insanity or has been judicially declared to be insane."

The defense made is that the insured committed suicide. Upon a trial by jury the verdict was rendered for the defendant and judgment entered thereon against plaintiffs for costs.

Upon the impanelling of the jury and after both parties had exhausted their peremptory challenges, plaintiffs challenged for cause a juror by name, Fickes. Their challenge was overruled and this action of the court is assigned as error. The alleged ground of challenge is that the juror entertained an opinion upon the merits of the case such as to disqualify him. We are inclined to think that the examination of the juror as given in the record shows that he was not qualified, and we are also inclined to believe that if his examination had been further pursued and the real character of his opinion ascertained it would have been disclosed that his disqualification was only apparent and not real. But assuming that it was error to overrule the challenge, we do not think it was such error as requires this judgment to be reversed, for the reason that under the evidence no reasonable conclusion, other than that the insured committed suicide and that he was not within any of the exceptions mentioned in the certificate, can be reached. At the request of plaintiffs, the court gave the two instructions, following:

First. " The court instructs the jury that so strong is

the instinctive love of life in the human breast and so uniform the efforts of men to preserve their existence that suicide cannot be presumed. The plaintiffs are, therefore, entitled to recover, unless the defendant has by competent evidence overcome this presumption, and satisfies the jury by a preponderance of the evidence that the injuries which caused the death of the said Clinton Williams were intentional on his part. The presumption is that death was not voluntary; and the defendant, in order to sustain the issue of suicide on its part, must overcome this presumption and satisfy the jury that death was voluntary."

Second. "The jury are instructed that the burden of proof is upon the defendant to prove that Clinton Williams did intentionally commit suicide, and if it appears from the evidence that the defendant relies upon circumstantial evidence alone to prove such intentional suicide, then the court further instructs you that such circumstantial evidence to be sufficient to base a finding upon, must be of such a character as to exclude with reasonable certainty any other cause of death."

If the verdict and judgment were against the defendant this court would be compelled to set it aside for error against defendant in giving these instructions. They require the defendant to make proof of its ground of defense with substantially that degree of certainty which is required to be made in prosecutions for criminal offenses. Notwithstanding this undue burden placed upon defendant, the jury found for the defendant, and in our judgment the evidence warranted the verdict, even conceding that these instructions were correct.

It is also claimed by plaintiffs in error that the court erred in giving one of the instructions given for defendant and in admitting certain expert testimony, and that the verdict is against the evidence. The instruction was inartificial but not erroneous or misleading. If the expert evidence had been omitted no different result could have been reached, and we have above said that the verdict is supported not only by the preponderance of the evidence, but by such preponderance as amounts to the exclusion of reasonable doubt.

The judgment will be affirmed.

*Affirmed.*