INDIANAPOLIS STREET RAILWAY COMPANY v.
COYNER.

[No. 5,624.    Filed February 20, 1907.]

1. PLEADING.—Complaint.—Failure to Name Defendant in Body of.—The failure of the plaintiff to name the defendant in the body of the complaint is not necessarily fatal, where the name is set out in the caption.    p. 511.

2. SAME.—Complaint.—Initial Attack on Appeal.—A complaint attacked for the first time on appeal, is sufficient if the judgment rendered thereon will bar another action for the same cause.    p. 511.

3. TRIAL.—Instructions.—Peremptory.—Burden of Proof.—Invasion of Province of Jury.—A peremptory instruction for a party having the burden of proof, where the determination of the issue depends upon the credibility of witnesses, or upon inferences or deductions from the evidence, is an invasion of the province of the jury.    p. 513.

4. SAME.—Burden of Proof.—Contributory Negligence.—Peremptory Instructions.—Contributory negligence is an affirmative defense, the burden of proof being upon the defendant; and a peremptory instruction on such issue can only be given in favor of the plaintiff.    p. 513.

5. SAME.—Peremptory Instructions.—Street Railroads.—Crossings.—An instruction outlining the duty of the driver of a vehicle in crossing a car track in front of a street car, is not a peremptory instruction.    p. 513.

6. SAME.—Contributory Negligence.—Street Railroads.—An instruction that if plaintiff while crossing the street car track was run into solely because of the sudden increasing of the car's speed so that he could not, in the exercise of ordinary care, have avoided the collision, he was not guilty of contributory negligence, is correct.    p. 514.

7. SAME. — Instructions. — Omission of Facts from.—Appeal.— Where objection is made, on appeal, to an instruction because it does not include all of the facts in evidence, the evidence showing such omitted facts must be pointed out, or the question is waived.    p. 514.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by William S. Coyner against the Indianapolis Street Railway Company. From a judgment on a verdict for plaintiff for $5,000, defendant appeals. *Affirmed.*

*F. Winter, Samuel M. Ralston* and *W. H. Latta,* for appellant.

*Doan & Orbison* and *A. J. Shelby,* for appellee.

ROBY, P. J.—Action to recover damages on account of personal injuries alleged to have been received by appellee in a collision between his wagon and appellant's street car.

The complaint is in one paragraph. The issue was formed by a general denial and submitted to a jury, which returned a verdict for appellee. A demurrer to the complaint for want of facts was filed, but a ruling thereon was waived. Appellant and the Indianapolis Traction & Terminal Company were original defendants, but after trial had begun appellee dismissed as to the traction company, and the litigation was thereafter conducted between appellee and appellant. Neither the appellant nor the terminal company are named in the body of the complaint, although both are properly named in the caption thereof. The omission to name the defendants in the body of the complaint is not necessarily a fatal error. *Cosby* v. *Powers* (1894), 137 Ind. 694.

The complaint, questioned for the first time on appeal, is good if it states facts sufficient so that a judgment rendered thereon will bar a second suit for the same cause. *Efroymson* v. *Smith* (1902), 29 Ind. App. 451. Measured by this standard the complaint is sufficient as against an assignment of error.

In support of the further assignment that the court erred in overruling its motion for a new trial, appellant challenges the action of the court in giving the following instruction to the jury: "Under the issues and the uncontradicted evidence in this case, the plaintiff is responsible for the driving of the team hitched to the wagon in which he was riding at the time of the collision complained of, and in this case the plaintiff's conduct is to be measured as if he were the driver of said team himself. It is the duty

of a traveler, upon approaching a street car crossing, to look and listen for approaching cars, and he must exercise in this respect such care as an ordinarily prudent person would exercise under like circumstances, and I charge you that it would be negligence on the part of a traveler to drive upon a street railway track in a crowded city when a car was approaching on said track at such a distance and at such a rate of speed that such car would be liable to collide with the vehicle in which said traveler was riding; and in this connection I instruct you that in this case it is for you to determine from the evidence whether or not the plaintiff drove upon said track at the intersection of Illinois and Maryland streets at a time when a reasonably prudent person could have seen that the car of the defendant, approaching from the south, would probably collide with the wagon in which the plaintiff was riding, and if you find from the evidence that such collision probably would have occurred, and that a person of ordinary prudence, situated as the plaintiff was, and in the exercise of ordinary care, could have seen that such collision would probably occur, then I instruct you that the plaintiff is guilty of contributory negligence in attempting to drive over defendant's track under such circumstances, and cannot recover; but if you find from the evidence that at the time plaintiff drove upon said track he had ample time to cross over said track in safety before said car would reach the point of crossing, if it were to continue to travel at the same rate of speed at which it was traveling at the time he attempted to cross, and if you further. find that while he was in the act of crossing said track in plain view of the car the defendant suddenly increased the rate of speed of said car, without warning, to such an extent that the plaintiff, in the exercise of ordinary care, could not cross over said track without being struck by said car, and that said increase of speed was made after the plaintiff had started to cross the tracks

upon which said car was approaching, and that the collision was occasioned wholly by the increase of speed of said car, then the plaintiff is not chargeable with contributory negligence in attempting to cross said tracks under such circumstances."

The following quotation in support of appellant's position is taken from its brief: "Numerous cases can be found where the court has said as a matter of law that contributory negligence does exist. But we venture that no case can be found where the court has said as a matter of law that contributory negligence does not exist."

The rule in this State is that a peremptory instruction, in favor of the party having the burden of the issue, where its determination involves the credibility of witnesses, and depends upon inferences and deductions from evidence, is an invasion of the province of the jury. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32; *Jacobs* v. *Jolley* (1902), 29 Ind. App. 25. In *Haughton* v. *Aetna Life Ins. Co., supra,* the defendant, in whose favor a peremptory instruction was given, answered, setting up fraud, and the court, after a careful review of the cases, overruled some in conflict with the conclusion announced, and settled the law as above stated.

Contributory negligence is, in such actions as the one now under consideration, an affirmative defense, the burden of establishing which is upon the defendant. §359a Burns 1901, Acts 1899, p. 58. It necessarily follows that the peremptory instruction, which under the rule requiring the plaintiff to establish his freedom from contributory negligence was permitted only in favor of the defendant, can now, the burden of proof having been changed, only be given in favor of the plaintiff.

The instruction given is not, however, a peremptory instruction. It states the duty of the traveler about to cross the track of a street car company.

By the concluding portion of this instruction, to which objection is made, the court told the jury, in substance, that

6. if appellant, suddenly and without warning, increased the speed of its car to such an extent that appellee could not, in the exercise of ordinary care, avoid being struck by it, and if the collision which followed was caused wholly because of such increase of speed, appellee would not be chargeable with contributory negligence. The duty of each party is to use reasonable care under the circumstances. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312.

If a person who is in a proper place in a proper manner is injured by the act of another, and in the exercise of reasonable care could not have avoided such injury, he could not very well be guilty of contributory negligence. It is said that the facts enumerated do not state why the car started, nor include other circumstances which might have existed. The cause for the car's suddenly starting might be relevant upon the question of appellant's negligence, but it is not material to that of appellee's contributory negligence.

No reference is made to any part of the record in which it is shown that any fact in the case was omitted from the

7. instruction, and, while facts other than those enumerated might exist, yet, unless they do exist, there was no occasion to refer to them in the instruction. Appellant has no reason to complain of the instruction and the appellee does not do so.

The motion for a new trial was properly overruled, and the judgment is affirmed.

Comstock, Rabb, Hadley and Watson, JJ., concur. Myers, C. J., absent.