## PRUDENTIAL INSURANCE COMPANY v. DOLAN, ADMINISTRATOR.

[No. 6,672.   Filed May 24, 1910.]

1. INSURANCE.— *Suicide.— Evidence.— Burden of Proof.— Instructions.*—An instruction, in an action on a life insurance policy, that the burden is upon the defendant to exclude every other reasonable hypothesis than that of suicide, is correct.   p. 42.

2. INSURANCE.—*Suicide.—Presumptions.—Evidence.— Instructions.*—The giving of an instruction, in an action on a life insurance policy, the defense being suicide, that suicide is intentional self-destruction, that it must appear that the assured took the alleged poison to destroy his life, that the presumption against suicide has the effect of affirmative evidence, and that where there is any other reasonable hypothesis of death such presumption will prevail, even if erroneous in considering such presumption as evidence, does not constitute reversible error.   p. 42.

3. INSURANCE.— *Suicide.— Burden of Proof.—*The law requiring that the hypothesis of death by suicide be excluded, where there is any other reasonable hypothesis of death, does not require proof of suicide beyond a reasonable doubt, but only by a preponderance of the evidence.   p. 43.

4. INSURANCE.— *Suicide.— Evidence.— Presumptions.—* The presumption against suicide is rebuttable, but the law does not prescribe the nature or amount of evidence necessary to overcome it, the question being one of fact to be determined as other facts in civil cases.   p. 43.

5. INSURANCE.— *Suicide.— Evidence.— Presumptions.*— Where the death of assured was caused by the taking of poison, and there is no evidence of accident or mistake, the presumption against suicide ceases to control. p. 46.

6. INSURANCE.—*Suicide.—Instructions.—Refusal.*—The refusal to give an instruction that the presumption against suicide is rebuttable and should not prevail if a preponderance of the evidence shows that the assured committed suicide, is reversible, though the last clause of another instruction stated facts from which such instruction might have been deduced. p. 46.

From Noble Circuit Court; *Joseph W. Adair,* Judge.

Action by Peter Dolan, as administrator of the estate of John E. McKee, deceased, against the Prudential Insurance Company of America. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Larz A. Whitcomb, L. W. Welker* and *Rowland Evans,* for appellant.

*L. H. Wrigley, W. D. Carver* and *R. W. McBride,* for appellee.

ROBY, J.—Suit to recover on a policy of life insurance. Appellant filed an answer in one paragraph, admitting the facts set up in a single paragraph of complaint, but averring that the policy contained a provision as follows:

"Suicide. If within one year from the date hereof the insured shall die of suicide, whether sane or insane, or in consequence of his (or her) own criminal act, the liability of the company shall not exceed the amount of the premiums paid on said policy."

It was also averred that the assured died by suicide within one year from the date of the policy, and that appellant's liability on said policy is the amount of premiums paid by said assured, to wit, $69.38, which sum said company tendered before suit was brought, and now brings it into court for the benefit of plaintiff administrator. A reply in denial closed the issue, which was submitted to a jury. The verdict and judgment were for appellee. The questions upon which

this appeal depends are presented by the assignment that the court erred in overruling its motion for a new trial.

The court instructed the jury that the burden was upon defendant to exclude by evidence every other reasonable

1. able hypothesis than that of suicide. The authorities sustain the instruction. *Modern Woodmen, etc.*, v. *Craiger* (1909), (Ind. App.), 90 N. E. 84; *Equitable Life Ins. Co.* v. *Hebert* (1906), 37 Ind. App. 373, 117 Am. St. 324.

The court also gave an instruction in part as follows:

2. "Suicide is self-killing intentionally done. It is not enough that the decedent with his own hand carried the poison to his lips. It must appear that he intended by its use to destroy his own life. Such intentional self-destruction cannot be presumed. So strong is the love of life in the human breast, and so uniform the efforts of men to preserve their existence, that the presumption of the law is against suicide and in favor of the death's having arisen from negligence, accident or mistake. This presumption has the effect of affirmative evidence, and is to be treated as evidence in this case, and unless such presumption is so negatived by the surrounding facts as to leave room for no other reasonable hypothesis than that of suicide, that presumption will be allowed to prevail."

It is contended that the presumption referred to is not evidence, and that the instruction was therefore erroneous. The authorities upon this point are conflicting. Assuming that "the exact scope and operation of these *prima facie* assumptions are to cast upon the party against whom they operate, the duty of going forward, in argument or evidence, on the particular point to which they relate" (Thayer, Preliminary Treatise on Evidence 314, 336, 337, 339), as appellant asserts the law to be, we are not of the opinion that the inaccurate statement is such as to justify a reversal.

The law, which requires that the hypothesis of death by suicide be excluded, where the death can reasonably be ac-

counted for on other grounds than that of suicide,
3.   does not require proof of suicide beyond a reasonable
doubt.   The fact of suicide is determined from a pre-
ponderance of the evidence.   *Lindahl* v. *Supreme Court, etc.*
(1907), 100 Minn. 87, 110 N. W. 358, 8 L. R. A. (N. S.) 916;
*Boynton* v. *Equitable Life Assur. Soc.* (1901), 105 La.
202, 29 South. 490, 52 L. R. A. 687.   If the proof is estab-
lished that decedent committed suicide, the hypothesis that
he came to his death by accident is *ipso facto* removed.

Presumptions of this nature operate in the absence of evi-
dence to the contrary.   The law does not prescribe any for-
mula by which the hypothesis of accident must be re-
4.   moved.   It is sufficient that it is met by evidence
where there are no facts or circumstances shown indi-
cating accident or mistake, and facts and circumstances are
shown which establish that the cause of death was suicide.
There is no room for other hypotheses, and the issue of sui-
cide is determined as other issues of fact in civil causes.   The
evidence shows that the body of decedent was found in a
hotel room, lying across the bed, the feet touching the floor.
The body was fully dressed, with the exception of overcoat
and hat.   There was a brown streak on the face, from the
corner of the mouth across the cheek.   On a desk, two feet
away from the bed, was an empty bottle which had contained
carbolic acid.   On the desk was a note which read: "Dear
Mother and All."   The fingers were discolored where they
had come in contact with carbolic acid.   Death was caused
by swallowing carbolic acid.   Decedent's grip was in the
room, and it contained various articles and medicine used for
the treatment of syphilis.   The body showed symptoms of
syphilis.   Had the jury found that the death was due to sui-
cide, there would have been no room to insist that other hy-
potheses were not excluded.   The facts in this case are stronger
in support of the theory of suicide than those in the case of
*Equitable Life Ins. Co.* v. *Hebert, supra.*   There was a con-
flict in the evidence in that case as to the cause of death.

There was also evidence which might have been taken as accounting, on legitimate grounds, for the possession of carbolic acid by decedent. Neither equivalent nor similar circumstances have been pointed out in the briefs as existing in this case. *Sovereign Camp, etc.,* v. *Haller* (1900), 24 Ind. App. 108. Where there are no facts shown indicating either accident or mistake, and facts are shown pointing 5. strongly to suicide, the presumption against suicide ceases to control. The jury found that decedent did not commit suicide. A review of the instructions given leads to the conclusion that such finding was based upon the presumption against suicide, and prominence was given to this presumption by the instructions before referred to, and by others. Appellant requested that the court give the 6. following instruction, which was reasonable: "The jury is instructed that the presumption that John E. McKee did not take his own life is a rebuttable presumption, and should not prevail if a fair preponderance of the evidence in this case before you shows that said McKee committed suicide, as alleged in defendant's answer."

The presumption was a rebuttable one. That fact might possibly have been deduced from an analysis of the last clause of the instruction heretofore set out, but the party who seasonably requests a clear-cut statement of an applicable legal proposition of so vital a character as this one, is entitled to have it given, and the last clause of the requested instruction also correctly stated the law. The refusal to give this instruction was error.

Judgment reversed and cause remanded, with instructions to sustain the motion for new trial.