<hr/>

## MODERN WOODMEN OF AMERICA *v.* CRAIGER.

[No. 21,708.   Filed June 22, 1910.   Rehearing denied December 16, 1910.]

1.  INSURANCE.—*Suicide.—Instructions.—Presumptions.— Beneficial Associations.*—In an action upon a benefit certificate, the defense being self-destruction, an instruction that "owing to the instinctive love of life, the presumption is against suicide, and the burden is, therefore, upon the party asserting death in such manner to establish the fact," is erroneous.  pp. 32, 33.

2.  INSURANCE. — *Suicide. — Defense. — Burden of Proof. —* Self-destruction, when not covered by an insurance policy, constitutes a defense that must be pleaded and proved by the defendant.  pp. 32, 34.

3.  EVIDENCE.—*Presumptions.—Basis of.*—Presumptions of law are usually grounded upon public policy, social convenience or safety, and are either declared by statute or sanctioned by the courts.  p. 32.

4.  EVIDENCE. — *Presumptions. — Knowledge of Writings. — Public Records.—Consequences of Acts.—Performance of Official Duties.* —There is a presumption that every one knows the contents of writings executed by himself, that a public record imports notice, that persons intend the consequences of their voluntary acts, and that officers perform their official duties.  p. 32.

5.  EVIDENCE.—*Suicide.—Presumptions.*—Death by suicide is unnatural and the law will not presume an unexplained death to have been suicidal.  p. 33.

6.  INSURANCE.—*Suicide.—Facts.—Experience of Jurors.*—In determining whether an insured died by self-destruction the jury may properly consider the facts in evidence bearing upon that ques-

tion in the light of their common knowledge and experience that men love life and shun death, though occasionally men, both sane and insane, commit self-destruction.   p. 33.

7.  INSURANCE.—*Suicide.—Instructions.—Excluding Other Hypotheses.*—In an action upon a benefit certificate, the defense being self-destruction, an instruction that to find for the defendant as to such defense "the evidence must be of such character as to exclude with reasonable certainty every other hypothesis than that of death by suicide," is erroneous, only a preponderance of the evidence on such question being necessary.   p. 33.

8.  COURTS.—*Transfers from Appellate to Supreme.—Purpose.— Oral Arguments.*—The purpose of transferring to the Supreme Court a case decided by the Appellate Court is to correct some erroneous declaration of law laid down in the Appellate Court decision; and an oral argument after such transfer to the Supreme Court is not demandable.   p. 35.

9.  APPEAL.—*Rehearing.—Questions Presentable.*—Questions not presented in the original briefs cannot be raised on a rehearing.   p. 35.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by Caroline Craiger against the Modern Woodmen of America. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, subd. 2, Acts 1901 p. 565, §10.   *Reversed.*

*Benjamin D. Smith* and *Edmund L. Craig,* for appellant.
*George K. Denton, W. D. Robinson* and *W. E. Stilwell,* for appellee.

MONTGOMERY, J.—This action was brought by appellee upon a benefit certificate issued by appellant upon the life of William Franklin Craiger. This is the second appeal (*Craiger* v. *Modern Woodmen, etc.* [1907], 40 Ind. App. 279). It is provided, in various forms in the contract in suit, that appellant should not indemnify against death from suicide occurring within three years from the date of the certificate; and appellant's answer alleged that said William Franklin Craiger died by his own hand one month and eight days after he became a member of the society, in violation of the

terms of the contract. The cause was tried by a jury, and a verdict rendered in favor of appellee. The only error assigned is the overruling of appellant's motion for a new trial.

The principal ground of the motion for a new trial urged on appeal is the giving of instruction number six, which is as follows: " The court instructs you that, owing to the instinctive love of life, the presumption is against suicide and the burden is therefore upon the party asserting death in such manner to establish the fact, and the evidence must be of such a character as to exclude with reasonable certainty every other hypothesis than that of death by suicide."

This instruction is manifestly erroneous. The court, in the opening clause, in effect declares that a presumption of law against suicide exists under all circumstances, and therefore, the burden of proving self-destruction is cast upon the party relying on that fact, thus confusing matters of pleading and proof. The defense founded upon suicide is affirmative in character, and must be specially pleaded; and hence, under the general rules of practice, appellant assumed the burden of the issue, without reference to any presumption of law on the question.

Presumptions of law are usually grounded upon public policy, social convenience or safety, and are either such as the statutes expressly declare, or such inferences as the courts generally, in their legal experiences, have recognized and sanctioned in the administration of justice. Many such presumptions have been established and are universally recognized—such as that persons know the contents of writings signed by them; that the contents of public records import notice; that persons intend the natural consequences of their voluntary acts, and that public officers legally perform their official duties Individuals may avail themselves of legal presumptions in private controversies, although they are most aptly invoked to subserve the public good. The matter in

controversy here was a private contract not involving directly public policy or welfare, and there was no legal presumption pertinent or available to either party. It is true that death by suicide is unnatural, and it is not inaccurate to say negatively that the law will not presume an unexplained death to have been suicidal, as it will not presume the existence of fraud, bad faith or dishonest conduct. In determining the charge of suicide, the jury may properly consider the facts and circumstances bearing upon that question given in evidence, in the light of their common knowledge and experience that mankind instinctively love life and generally shun death, although occasionally men, both sane and insane, take their own lives. The cause of death was directly in issue in this case, to be decided not by a presumption of law, but as an inference of fact by the jury, in the same manner as other facts are determined in civil actions. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697; *Friedersdorf* v. *Lacy* (1910), 173 Ind. 429.

In the latter part of the instruction under consideration the court erroneously charged that the fact of suicide must be established with the degree of certainty required to justify a conviction upon circumstantial evidence in a criminal case, to wit, that "the evidence must be of such a character as to exclude with reasonable certainty every other hypothesis than that of death by suicide." This declaration of law is manifestly incorrect. This court at an early date adopted the rule requiring an answer of justification in actions for libel and slander to be established by proof beyond a reasonable doubt. In the case of *Fowler* v. *Wallace* (1892), 131 Ind. 347, the fallacy of the prevailing rule was admitted, but its long existence constrained the majority of the court to adhere to that doctrine. A little later the rule was abrogated by statute. Acts 1897 p. 137, §382 Burns 1908. While this rule prevailed in libel and

slander cases, the court expressly refused to extend it to any other class of actions. *Bissell* v. *Wert* (1871), 35 Ind. 54; *Continental Ins. Co.* v. *Jachnichen* (1887), 110 Ind. 59, 59 Am. Rep. 194; *Reynolds* v. *State, ex rel.* (1888), 115 Ind. 421; *Hale* v. *Matthews* (1889), 118 Ind. 527.

When the question of suicide is put in issue, as in this case, it devolves upon the party affirming such fact to establish it; and this issue may be proved like any other

2. fact in a civil action—by a preponderance of the evidence. If such evidence is equally balanced, the party having the burden must fail, not because of a presumption of law against suicide, but because he has not sustained his affirmative defense. 4 Wigmore, Evidence §2498; 4 Cooley, Briefs on Ins. 3263; *Kerr* v. *Modern Woodmen, etc.* (1902), 117 Fed. 593, 54 C. C. A. 655; *Sharland* v. *Washington Life Ins. Co.* (1900), 101 Fed. 206, 41 C. C. A. 307; *Mudsill Mining Co.* v. *Watrous* (1894), 61 Fed. 163, 9 C. C. A. 415; *Williams* v. *Supreme Court, etc.* (1905), 120 Ill. App. 263; *McDeed* v. *McDeed* (1873), 67 Ill. 545; *Hoffman* v. *Loud* (1896), 111 Mich. 156, 69 N. W. 231; *Bachmeyer* v. *Mutual, etc., Life Assn.* (1894), 87 Wis. 325, 58 N. W. 399; *Sovereign Camp, etc.,* v. *Hruby* (1903), 70 Neb. 5, 96 N. W. 998; *Knights of Pythias, etc.,* v. *Steele* (1901), 107 Tenn. 1, 63 S. W. 1126; *Brown* v. *Sun Life Ins. Co.* (1899), 57 S. W. (Tenn.) 415, 51 L. R. A. 252; *Travelers Protective Assn.* v. *Roth* (1908), 108 S. W. (Tex. Civ. App.) 1039; *Mutual Life Ins. Co.* v. *Wiswell* (1896), 56 Kan. 765, 44 Pac. 996, 35 L. R. A. 258.

The fifth instruction to the jury contained erroneous declarations like those embodied in the sixth. Appellant is entitled to a new trial.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

## On Petition for Rehearing.

Montgomery, J.—Appellee filed a petition for a rehearing of this cause and a brief, which in no respect questioned the opinion and decision heretofore announced by this court, but was devoted to an explanation of appellee's contentions before the Appellate Court and the failure to renew her request for oral argument after the transfer to this court. The primary purpose in transferring a case that has been decided by the Appellate Court is to correct the erroneous declarations of law apparent on the face of the opinion, and not to give the parties another hearing upon the merits. Oral arguments, therefore, are not granted after transfer at the request of the litigants. *Ramsey* v. *Hicks* (1910), 174 Ind. 428.

On October 24, 1910, and long after the time allowed for filing an application and brief for a rehearing, appellee, under the title of additional authorities, filed an additional brief presenting propositions of law not contained in her original brief, supported by the citation of authorities. This practice cannot be sanctioned. We have, however, reëxamined the questions treated in our former opinion, and are satisfied that the errors there pointed out are of such a fundamental character as to make a reversal of this cause inevitable. The petition is overruled.