## HODSON *v.* GREAT CAMP, KNIGHTS OF THE MODERN MACCABEES.

[No. 6,889.    Filed February 3, 1911.]

1. INSURANCE.—*Beneficial Associations.—Policies.—Actions on.— Basis of.*—In an action against a mutual benefit society on a certificate, such certificate constitutes the basis of the action, where the by-laws are made a part of the certificate by reference only.  p. 115.

2. EVIDENCE.—*Burden of Proof.—Insurance.—Suicide.*—In an action on an insurance certificate, where the defense is suicide, the defendant has the burden not only of making a *prima facie* showing thereof, but also of proving such defense to the overthrow of all proof to the contrary.  p. 115.

3. INSURANCE.—*Suicide.—Proofs of Death.—Admissions.*—Proofs of death containing either facts or opinions tending to show suicide, are not conclusive evidence thereof.  p. 115.

4. INSURANCE.—*Suicide.—Conflicting Evidence. — Peremptory Instructions.*—Where the evidence of assured's death points strongly to suicide but there is evidence from which a contrary inference might be drawn, it is erroneous to give a peremptory instruction for the defendant.  pp. 115, 117.

5. INSURANCE.—*Suicide.—Evidence.*—Evidence of an accidental or unintentional death caused by assured will not sustain the defense of suicide.  p. 116.

6. APPEAL.—*Right Result.—Insurance.—Suicide.—Peremptory Instruction.*—Where the evidence as to assured's death by suicide was conflicting, the giving of a peremptory instruction for defendant cannot be justified on the ground that a right result was reached, since it is impossible to determine that a right result was reached.  p. 117.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Annie M. Hodson against the Great Camp, Knights of the Modern Maccabees. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Talbot & Talbot,* for appellant.

*J. B. McIlwain, Daniel Pyle* and *Anderson, Parker & Crabill,* for appellee.

MYERS, C. J.—Appellant appeals from a judgment rendered on a verdict returned at the direction of the court. The overruling of appellant's motion for a new trial is assigned as error. Under this error we are called upon to review the action of the court in giving to the jury a peremptory instruction to find for appellee.

The complaint in this action was founded upon a benefit certificate issued by appellee, certifying that William K. Hodson had been regularly admitted as a member of the order, and was entitled to all the rights, benefits and privileges of such membership, and that at his death one assessment on the membership, not exceeding the sum of $2,000, would be paid as a benefit to Annie Mulligan Hodson, his wife. The complaint shows that on February 14, 1904, said William K. Hodson died, and that proofs of death were furnished to appellee. Appellant is the beneficiary named in said certificate.

Appellee answered in three paragraphs. The first was a general denial. The second and third, so far as the facts are material to the questions here presented, in substance, aver that the laws of appellee, together with the certificate of membership, formed the basis of the contract for beneficial membership, and that said laws in force at the time of issuing said certificate provided, in substance, that no benefit should be paid under said certificate in case said member should come to his death from suicide within five years after his admission to life benefit membership; that in all cases where death should result from suicide within five years after the admission to life benefit membership, whether the

member should be sane or insane at the time of death, the beneficiary of the member should be paid only the amount of money which the member had paid in the life benefit fund; that said William K. Hodson came to his death from suicide within one year after becoming a member.

Appellant replied to said affirmative paragraphs of answer, first, by a general denial, and by two additional paragraphs, each alleging facts tending to show that decedent's death was accidental.

The certificate was the foundation of the action, and the laws of appellee were made a part of the certificate by reference only. From a careful examination of the evidence in the record before us, it is clear that the only issuable fact about which there was any dispute at the trial was whether the decedent committed suicide. This issue was tendered by the second and third paragraphs of answer. The burden was upon appellee to establish suicide to the satisfaction of the jury by a preponderance of the evidence, and this appellee was required to do, not by a *prima facie* case alone, but by such proof as would withstand and overthrow all of the evidence to the contrary. *Travelers Ins. Co.* v. *Nitterhouse* (1894), 11 Ind. App. 155; *Modern Woodmen, etc.,* v. *Craiger* (1910), 175 Ind. 30; *Hale* v. *Life Indemnity, etc., Co.* (1895), 61 Minn. 516, 63 N. E. 1108, 52 Am. St. 616. "The statements in the proof of death, either of facts or of opinion, are not conclusive." *Travelers Ins. Co.* v. *Nitterhouse, supra.*

While the evidence in this case tends strongly to support the theory that decedent committed suicide, yet there is evidence from which a contrary inference of this fact might be drawn. Therefore, as said in the case of *Modern Woodmen, etc.,* v. *Craiger, supra:* "In determining the charge of suicide, the jury may properly consider the facts and circumstances bearing upon that question given in evidence, in the light of their common knowl-

edge and experience that mankind instinctively love life and generally shun death, although occasionally men, both sane and insane, take their own lives. The cause of death was directly in issue in this case to be decided not by presumption of law, but as an inference of fact by the jury in the same manner as other facts are determined in civil actions." *Equitable Life Ins. Co.* v. *Hebert* (1906), 37 Ind. App. 373; *Hale* v. *Life Indemnity, etc., Co., supra.*

In the case of *Sovereign Camp, etc.,* v. *Haller* (1903), 30 Ind. App. 450, this court was strongly persuaded by the evidence to conclude that the insured committed suicide, but, the question being one of fact, held there was no error in submitting the question to the jury, and cited a number of cases in which that question was in issue and seemed to be reasonably well established; yet in each case the question was left to the jury. In addition to the cases there cited, see *Sargent* v. *Home Benefit Assn.* (1888), 35 Fed. 711; *Treat* v. *Merchants Life Assn.* (1902), 198 Ill. 431, 64 N. E. 992; *Aetna Life Ins. Co.* v. *Kaiser* (1903), 115 Ky. 539, 74 S. W. 203, 24 Ky. Law 2454; *Washburn* v. *National Accident Soc.* (1890), 10 N. Y. Supp. 366.

The court in the case of *Northwestern, etc., Ins. Co.* v. *Hazelett* (1886), 105 Ind. 212, 55 Am. Rep. 192, in speaking of the effect of a clause in a policy protecting the company against loss in case of the assured's self-destruction, whether sane or insane, said: "Such a clause has, however, no application to a case in which death resulted by accident or without intention or expectation, even though it was caused by the hand of the assured. Death resulting from accident, or from an act which at the time it was entered upon or engaged in was not expected or intended to produce that result, cannot be said to be within the meaning of the policy."

The question whether the assured committed suicide, was one depending upon the inferences to be drawn from the

evidence and facts proved. The court, by the instruction given, determined as a matter of law that the appellee had established the fact of which it had the burden of proof. This the court was without authority to do, if there was any conflicting evidence, however slight, upon the point in issue (*Jacobs* v. *Jolley* [1902], 29 Ind. App. 25); and it will not do to say that the instruction was harmless because a right result was reached. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32. For, as said in the case last cited: "We must assume that the jury, in the faithful discharge of its duty, would have found the facts according to the weight of testimony; but such a sufficiency of evidence as ought to satisfy the jury, or the circumstances that it was in part uncontradicted, will not, in our opinion, authorize a court to direct the jury that it proves the fact in controversy. When the judgment of the judge upon the sufficiency of the evidence to sustain the verdict is invoked by a motion for a new trial, then it becomes his duty, under the law, to weigh the evidence for himself, and either to confirm or overthrow the conclusion of the jury as in his opinion the preponderance of the evidence may require. But until such time as the matter may be thus brought before him, the duty of weighing the evidence must be left with the jury, where the law has placed it."

The record before us does not present a case which authorized the court to give a peremptory instruction in favor of appellee. The giving of the instruction invaded the province of the jury, and was therefore erroneous. *Indianapolis St. R. Co.* v. *Coyner* (1907), 39 Ind. App. 510; *Stephens* v. *American Car, etc., Co.* (1906), 38 Ind. App. 414; *Haughton* v. *Aetna Life Ins. Co., supra,* and cases cited.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.