# Knights and Ladies of Columbia Insurance Order *v.* Shoaf et al.

[No. 20,784.   Filed April 25, 1906.]

1. INSURANCE.—*Life.—Policies.—Waiver.*—Where a life policy, on its face, insures against death generally, but assured executes a certificate exempting the company from liability for death from a certain cause, such policy and certificate together constitute the contract, and a death from such cause is not covered by such policy.   p. 369.

2. PLEADING. — *Reply.* — *Estoppel.* — *Insurance.* — *Life.*—Where plaintiffs declare upon a life policy, and the answer shows that death from the disease causing the decedent's death was not insured against by the policy, the reply thereto, to be sufficient, must show facts sufficient to constitute an estoppel *in pais.* p. 370.

3. SAME. — *Reply.* — *Insurance.* — *Waiver.*—*Forfeiture.*—Where death from the disease causing the decedent's death was not insured against, a reply on the theory of a waiver of the forfeiture of a breach of a condition subsequent is bad where it does not negative knowledge of the conditions on the part of plaintiffs, an estoppel *in pais* where both parties have equal knowledge being impossible. p. 370.

4. APPEAL AND ERROR.—*Reply.*—*Evidence.*—*Right Result.*—The Supreme Court will examine the evidence, before reversing on a demurrer to a paragraph of reply, to ascertain whether a right result was reached, thus rendering the alleged error on such reply harmless. p. 370.

5. INSURANCE.—*Policies.*—*Exemptions.*—A certificate, executed contemporaneously with the life policy, waiving all claim on account of death due to pregnancy entirely supersedes a general condition in such policy covering such death except under certain conditions. p. 370.

6. SAME. — *Policies.* — *Pregnancy.* — *Septicemia.* — A certificate, which is part of a life policy, exempting the company from liability for death arising from pregnancy, exempts it from liability for death caused by puerperal septicemia. p. 371.

From Fountain Circuit Court; *Joseph M. Rabb,* Judge.

Action by John O. Shoaf and another against the Knights and Ladies of Columbia Insurance Order. From a judgment for plaintiffs, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Lucas Nebeker,* for appellant.

*W. H. Cox* and *V. E. Livengood,* for appellees.

MONTGOMERY, J.—This action is upon a beneficiary certificate issued by appellant to Bertha A. Shoaf in favor of appellees.

The errors relied upon for a reversal of the judgment are (1) the overruling of appellant's demurrer to the second

paragraph of reply, and (2) the overruling of its motion for a new trial.

Appellant's answer averred in substance that the application for insurance disclosed the pregnancy of Mrs. Shoaf, and that prior to the issuance of the certificate in suit she executed a release, whereby she waived all benefit under the certificate in case of her death arising from pregnancy, and that within four months thereafter her death resulted from such pregnancy.

The second paragraph of reply admitted that Mrs. Shoaf executed the waiver as alleged and died from puerperal fever, which arose six days after the birth of the child with which she was pregnant at the time of the issuance of said certificate, but it avers that after the execution of said waiver, with full knowledge thereof, the policy was issued promising to pay the whole amount of said insurance in case of her death, and that after the death of said Bertha A. Shoaf, with full knowledge of the cause thereof, and of all the facts set forth in the answer, appellant required appellees to make full proofs of death, to have a guardian appointed for Edith Shoaf, a minor beneficiary, and required John O. Shoaf to make a trip to Frankfort to meet its supreme counsellor, all at an expense of $——, whereby it had waived such defense, and ought to be estopped from asserting the same.

This reply in theory and substance confesses that the death of Mrs. Shoaf arose from pregnancy, and that she had waived indemnity therefor, but attempts to set

1. up matter in avoidance of the natural consequence of such facts. The application, waiver and certificate, as pleaded in the answer, taken together constituted the contract. Construing these writings together it is manifest that Mrs. Shoaf was not insured against death arising from her existing pregnancy. Appellees cannot therefore recover for death resulting from a cause expressly exempted by the terms of the contract, unless appellant has

been guilty of such misleading conduct as ought to preclude it from receiving the benefit of its alleged defense.

2. The reply must aver such facts and circumstances as constitute an estoppel *in pais* to make it sufficient to avoid the answer to which it is addressed. *Sharpe* v. *Commercial Travelers, etc., Assn.* (1894), 139 Ind. 92.

Appellees' counsel discuss the reply as though, in order to avoid this answer, it were only necessary to show a waiver on the part of appellant of the breach of a condition subsequent.

3. The answer, if true, shows that appellees never had any right of action for the death sued for, not that the right of action once existed but was subsequently forfeited because of the breach or nonperformance of a condition of the contract. The reply does not deny that appellees had full knowledge of the provisions of the contract, nor does it charge that they were misled or deceived by the conduct of appellant. Where the facts are equally known to both parties, there can be no estoppel. *Lash* v. *Rendell* (1880), 72 Ind. 475; *Hosford* v. *Johnson* (1881), 74 Ind. 479; *Sims* v. *City of Frankfort* (1881), 79 Ind. 446, 453; *Mitchell* v. *Fisher* (1884), 94 Ind. 108; *Platter* v. *Board, etc.* (1885), 103 Ind. 360; *Wolfe* v. *Town of Sullivan* (1893), 133 Ind. 331; *Ross* v. *Banta* (1895), 140 Ind. 120.

The reply in denial of this answer requires examination of the evidence to ascertain if possible whether

4. a right result was reached, and the erroneous ruling upon demurrer thereby rendered harmless.

5. The certificate sued upon had the following printed indorsement upon it:

"In case any female who is a beneficial member of this order and the holder of this certificate shall be attended at confinement or miscarriage by any midwife, or any one not a regularly licensed prac-

titioner of medicine, and shall die or become totally disabled as the result of such confinement or miscarriage, then the certificate shall become null and void, and of no binding effect upon this order."

It is apparent that this is a general provision, and that it was superseded by the special contract made in this case whereby all benefit was waived in case of death arising from pregnancy. *Dole* v. *New England, etc., Ins. Co.* (1863), 88 Mass. 373.

Appellees' contention is that the death of Mrs. Shoaf did not arise from pregnancy, but that her pregnancy was terminated naturally in childbirth, and subsequently a disease set in which produced her death.

6. There is no conflict in the evidence, and it is conceded that the insured woman died of puerperal septicemia. This disease is generically and inherently associated with parturition, and cannot exist in its absence. It is immaterial whether the disorder is incited by infection from without the subject, or whether it is autogeneric, it is always incidental to childbirth, and its terrors are as old as the human race. If Mrs. Shoaf, apprehending danger from her condition, had secured insurance against death arising from pregnancy, we think there could have been no reasonable ground for disputing liability for death resulting from puerperal septicemia. The same rule of construction applies to the contract in suit, and not the strict doctrine in abhorrence of forfeitures. The undisputed evidence and admissions of the parties enable us to say that the death of Mrs. Shoaf arose from her pregnancy, within the meaning of the contract of insurance. *Terre Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, 49 Am. Rep. 168; *National Benefit Assn.* v. *Grauman* (1886), 107 Ind. 288; *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414; *Western, etc., Assn.* v. *Smith* (1898), 85 Fed. 401, 29 C. C. A. 223, 40 L. R. A. 653; *United States, etc.,*

*Assn.* v. *Barry* (1889), 131 U. S. 100, 9 Sup. Ct. 755, 33 L. Ed. 60; *Travelers Ins. Co.* v. *Hunter* (1902), 30 Tex. Civ. App. 489, 70 S. W. 798.

We are unable to say that a right result was reached, and the judgment is reversed, with directions to sustain appellant's demurrer to the second paragraph of reply.