RED MEN'S FRATERNAL ACCIDENT ASSOCIATION OF AMERICA *v.* RIPPEY.

[No. 22,528. Filed November 25, 1913. Rehearing denied April 3, 1914.]

1. INSURANCE.—*Life Insurance.*—*Exceptions in Policy.* — *Limitation of Liability.*—There may be a valid stipulation in a policy of life insurance wholly exempting the insurer from liability in case of death from some specified disease, hence a policy may provide that there shall be no liability if the insured die within a year from some cause of disease excepted from the general provisions of the contract. p. 457.

2. INSURANCE.—*Life Insurance.*—*Action on Policy.*—*Defenses.*— *Limitation of Liability.*—*Burden of Proof.*—In an action on a life policy exempting the insurer from liability in case of death from a specified cause, or from such cause within a specified time, the fact of death from such excepted cause within the time fixed is a matter of defense which defendant must allege and prove by a fair preponderance of the evidence, and it need not be negatived or anticipated by the complaint. p. 458.

3. INSURANCE.—*Life Insurance.*—*Actions.* — *Defenses.*—*Limitation of Liability.*—That death resulted from a cause as to which the policy exempts the insurer from liability, or, if the exemption is only for a specified time, that it resulted from such cause within such time, if alleged and proved, constitutes a complete defense. pp. 458, 461.

Red Men's, etc., Assn. *v.* Rippey—181 Ind. 454.

4. INSURANCE.—*Life Insurance.—Limitation of Liability.—Instructions.*—In an action on a life policy providing that the insurer would not be liable if death resulted from tuberculosis within a year from date of the policy, answered by general denial and a special answer alleging death from the excepted cause within the year, an instruction correctly placing the burden on defendant to prove its special answer, but which also required it to prove by a preponderance of the evidence that it had returned or offered to return the premiums before suit was brought, was radically erroneous, since by the terms of the policy the insurance was in force from the beginning as to all manner of death save from specified causes within the specified time, and, unlike in defenses grounded upon fraud in the application, defendant was under no duty to return the premiums. p. 458.

5. APPEAL.—*Review.—Instructions. — Antagonistic Instructions.* — Where the court gave a requested instruction correctly stating the law relating to appellant's defense as set up in a special answer, and also gave of its own motion an instruction correctly embodying the same statement of the law, but adding a further statement placing the burden of proof on defendant as to a matter not within the issues, the latter instruction was not only erroneous as being without the issues, but also as being antagonistic with such requested instruction. p. 459.

6. APPEAL.—*Review.—Instructions.—Evidence Not in Record.*—The rule that the court on appeal will not review the instructions where the evidence is not in the record does not apply to prevent a reversal where it appears that instructions given were improper under any evidence admissible under the issues. pp. 460, 461.

7. APPEAL.—*Review.—Refusal of Instructions.*—The refusal of requested instructions that go beyond the issues is not error. p. 460.

8. APPEAL.—*Record.—Burden to Show Error.*—Appellant need not incorporate a bill of exceptions containing the evidence in the transcript in order to procure a reversal on instructions where it brings up enough of the record to show that their giving was prejudicial error, since such showing requires a reversal unless it further appears from such record that the error was harmless, and it is appellee's duty, if it can show that such error could be met and overcome by a consideration of the evidence, to take the proper steps to have same incorporated in the record. p. 462.

From Washington Circuit Court; *Thomas B. Buskirk,* Judge.

Action by Susan H. Rippey against the Red Men's Fraternal Accident Association of America. From a judgment

for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Reversed.*

*W. W. Hottel,* for appellant.

*Mitchell & Mitchell,* for appellee.

Cox, J.—Appellant issued to appellee's husband a benefit certificate, June 12, 1908. He died December 28, 1908. Among other provisions for benefits and indemnity for sickness, accident and death, the certificate provided that, in case of the death of the certificate holder, while the certificate was in force, the association would pay to appellee, his wife, if living, under conditions contained in the certificate, the sum of $100, if the certificate holder should die as the result of sickness. Appellee sued to recover this sum. Appellant answered the complaint by general denial. There was also a special answer which was based on a provision in the certificate which limited the agreement of the association to pay the sum named. This provision was as follows: "During the first twelve months from the date of this certificate, or any reinstatement thereunder, no indemnity or benefit shall be claimed or be payable if the disability or death is caused or contributed to by rheumatism, lumbago, sciatica, or tuberculosis which shall exist or commence within twelve months from the date of this certificate." This answer alleged that the certificate holder died on December 30, 1908, within twelve months of the date of the certificate; that the cause of his death was pulmonary tuberculosis and that, therefore, no liability on the certificate had accrued. A general denial was replied to this answer and the issues thus formed were tried by jury which found for plaintiff. From a judgment thereon comes this appeal.

The only errors assigned and not waived arise from the action of the court in overruling appellant's motion for a new trial. Some of the causes for a new trial presented by appellant's motion are based on the action of the trial

court in giving instructions on its own motion and at the request of appellee and its refusal to give instructions requested by appellant. One of these instructions, which was given by the court at the request of appellee over appellant's objection and exception, was as follows: "The jury is instructed that the defendant to sustain its second paragraph of defense in this cause, must show by a fair preponderance of the evidence that James F. Rippey, the insured, came to his death by pulmonary tuberculosis or that said disease was the proximate cause of his death, and that said defendant returned or offered to return the premiums to plaintiff before the bringing of this suit." The court also gave at the request of appellant the following instruction: "The defendant has alleged in its answer to the complaint that the deceased died of tuberculosis, and that his death occurred within the year from the date of the execution of the contract sued on, and I instruct you that if you find from a fair preponderance of the evidence in this case that the deceased did die of tuberculosis within a year from the execution of the contract or policy, then I instruct you that the plaintiff cannot recover, and your verdict should be for the defendant."

The benefit certificate issued to appellee's husband contained the provision set out in appellant's second paragraph of answer as above stated. It can scarcely be doubted

1. that there may be a valid stipulation in a policy of life insurance wholly exempting the insurer from liability in case of death from some specified disease, or cause, and it follows that a certificate or policy of insurance may provide that there shall be no liability on the part of the insurer if the insured die within a year, from some cause of disease excepted from the general provisions of the contract to insure against death. 25 Cyc. 874, and cases there cited; 2 Bacon, Ben. Soc. and Life Ins. (3d ed.) §320; 2 Beach, Insurance §912; *Knights, etc., Ins. Order* v. *Schoaf* (1906), 166 Ind. 367, 77 N. E. 738. In such case, the in-

surance is of a limited nature until after the expiration of the time named and there · is no insurance against death from the excepted disease or cause within the time specified.

2. Death from the excepted cause within the time fixed by the certificate is a matter of defense and need not be negatived or anticipated by the complaint, the burden resting on the insurer to allege by answer

3. and to prove by a preponderance of the evidence the fact of death from the excepted cause within the time named. When alleged and proved, the defense is complete. 4 Joyce, Insurance §3684; *Coburn* v. *Travelers Ins. Co.* (1887), 145 Mass. 226, 230, 13 N. E. 604; see cases collected in note to *Starr* v. *Aetna Life Ins. Co.* (1905), 4 L. R. A. (N. S.) 636. Such a provision is similar to a provision against liability in case of death from suicide and the rule just stated has been frequently applied to such cases. *Modern Woodmen, etc.* v. *Craiger* (1910), 175 Ind. 30, 92 N. E. 113, 93 N. E. 209; *Modern Woodmen, etc.* v. *Kincheloe* (1911), 175 Ind. 563, 94 N. E. 228, Ann. Cas. 1913 C 1259; *Hodson* v. *Great Camp, etc.* (1911), 47 Ind. App. 113, 93 N. E. 861.

The instructions set out above are harmonious in correctly placing the burden on appellant of showing death from an excepted cause within the time named in the certifi-

4. cate. But the last clause of the first named instruction—that given by the court at the request of appellee, which required appellant also to show by a fair preponderance of the evidence that appellant had returned or offered to return the premiums before the suit was brought—is radically erroneous. Appellant was not required to return or offer to return any premiums before availing itself of this defense. As we have seen, by the terms of the contract, the insurance was in force from the beginning, as to all manner of death save from causes specifically excepted and it would become in force as to these after the lapse of a year from the date of the certificate. Upon these terms,

the insured paid his premiums.  The insurance contracted for had been given by appellant and it was under no duty to return the premiums.  Such cases as *Commercial Life Ins. Co.* v. *Schroyer* (1911), 176 Ind. 654, 95 N. E. 1004; and *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380, which hold that answers which seek to avoid liability on insurance contracts on the ground of fraud in making false answers to questions in the application for insurance which affect the risk, must, before they are sufficient to defeat a recovery, show a seasonable election to avoid and rescind the contract and to tender back the premiums recovered, have no application to an answer based on a provision limiting the risk such as that before us.  The theory of such cases is, that by reason of the fraud there has been no contract from the first if the insurer elect to rescind and avoid it for the fraud,—that there has never been any insurance and no liability to pay on the part of the insurer, and, therefore, no premiums earned.  In the case before us there has been some insurance from the inception of the contract but that insurance did not cover loss from death from tuberculosis during the first year of the contract.  The premiums were earned in accordance with the unmistakable terms of the contract and appellant was not under obligation to return them.  The answer was met by a general denial and there was no issue raised by any pleading in the case which placed any duty on appellant to return premiums.  That part of the instruction under consideration was erroneous and not applicable to any evidence which would have been relevant and material under the issues.  In the particular under discussion it was antagonistic to the instruction given at the request of appellant which was a correct and full statement of the burden resting on appellant in respect to the second paragraph of answer.  Under the latter, appellant was not required to show a return or tender of premiums, while under the former he was bound to do so.

Which instruction the jury should follow, it could not know. For each of these reasons the court committed reversible error. *Rapp* v. *Kester* (1890), 125 Ind. 79, 25 N. E. 141; *Winning* v. *Teeple* (1896), 144 Ind. 189, 194, 41 N. E. 600; *Chestnut* v. *Southern Ind. R. Co.* (1901), 157 Ind. 509, 62 N. E. 32; *Cleveland, etc., R. Co.* v. *Rudy* (1909), 173 Ind. 181, 189, 89 N. E. 951.

The evidence is not in the record and counsel for appellee seek to avoid a reversal for error in giving instructions by invoking the well-settled rule that instructions will

6. not be reviewed on appeal in the absence of the evidence. But the rule, as shown by the cases just cited, does not apply to instructions which must be held erroneous, if improper under any evidence admissible under the issues, and that, as has been shown, is the fact in this case.

Counsel for appellant makes complaint of other instructions, one given by the court of its own motion and others at appellee's request. They were on the theory of a

7. forfeiture of the policy and on the theory of a rescission of the insurance contract. The record shows that no such issues were presented. There was no pleading on behalf of appellant asserting any forfeiture of rights under the policy or for a rescission. The instructions were beyond the issues and should not have been given. Other questions are raised under the motion for a new trial but they are of such a nature that the conclusion reached makes them wholly immaterial.

Judgment reversed with instructions to grant appellant's motion for a new trial.

## ON PETITION FOR REHEARING.

MORRIS, C. J.—In her petition for a rehearing, appellee claims the court erred in "holding that forfeitures were favored by the court in favor of the insurer as against the insured." The opinion is chargeable with no such criti-

cism. What it does declare on that subject is that no question of forfeiture was involved in the issues. The death occurred within a year of the issuing of the certificate which expressly provided against liability if death ensued from tuberculosis within that time. The second paragraph of answer averred that tuberculosis was the cause of the death. It is correctly held that there never was any insurance against death by that disease within the year, and consequently appellee never had a right of action, if the death was so caused. *Knights, etc., Ins. Co.* v. *Shoaf* (1906), 166 Ind. 367, 370, 77 N. E. 738. A right must exist before it can be forfeited. To hold otherwise would involve an absurdity.

It is further alleged that "the court erred in * * * disregarding the well-settled rule that courts will not review instructions given in the case, unless the evidence is in the record." Counsel cite *Weir Plow Co.* v. *Wamsley* (1887), 110 Ind. 242, 11 N. E. 232. That case declares the correct rule, viz., that in the absence of the evidence, instructions will not be reviewed if they can be held correct on *"any state of the evidence which might properly have been before the jury."* The original opinion is not in conflict with such rule. There could have been no evidence here, "properly" before the jury, involving the question of appellant's duty to return premiums, because there was no issue that rendered such evidence competent.

In *Knights, etc., Ins. Co.* v. *Shoaf, supra,* the court, after holding that the trial court erred in overruling a demurrer to a reply, examined the evidence to see if the said error otherwise prejudicial might be held harmless. Counsel for appellee cite the above case, and reach the erroneous conclusion that it holds that in the absence of the evidence from the record that this court may not hold the erroneous ruling harmful. It is quite true that an erroneous instruc-

tion may be rendered harmless by the evidence,
8. which would be the case here if the evidence were in
the record, and showed that there was no evidence
given that the decedent died of tuberculosis. But appel-
lant was under no obligation to incorporate in its transcript
a bill of exceptions containing the evidence. It has brought
up enough of the record to show prejudicial error. This re-
quires a mandate of reversal, unless, from a consideration
of the record before us, such error is shown harmless. A
similar question was presented in *Lynch* v. *Bates* (1894),
139 Ind. 206, 214, 38 N. E. 806, where there was an erro-
neous instruction. The court said: "Here there was no
finding of the facts, by answers to interrogatories  *  *  *,
nor is the evidence in the record, so that we are unable to
say whether the judgment is right upon the merits or not."
Had appellee, here, seen fit to have the evidence incorpo-
rated in the record, for our consideration, it would then
have been the duty of this court to review it for the purpose
of ascertaining thereby whether the error in the instruction
was not cured. *Kesler* v. *Myers* (1873), 41 Ind. 543, 555.
As the record stands, we are unable to say whether the jury
found that the decedent died of tuberculosis. It may have
found that he did, and found appellant liable notwithstand-
ing, because of failure to return premiums paid, as it was
so instructed by the court. If the trial court's error could
have been met and overcome by a consideration of another
part of the record, not embraced in the transcript, it was
appellee's duty, not appellant's, to take the proper steps to
enable this court to examine the entire record. Appellee's
counsel further contend that the effect of the original opin-
ion is to overrule *Commercial Life Ins. Co.* v. *Schroyer*
(1911), 176 Ind. 654, 95 N. E. 1004, and other like cases.
We are unable to take counsel seriously in this claim, except
on the assumption that they have failed to consider carefully
such original opinion. In either event, we regard further

consideration of the suggestion unnecessary. Petition overruled.

NOTE.—Reported in 103 N. E. 345; 104 N. E. 641. Reported and annotated in 50 L. R. A. (N. S.) 1006. As to mutual benefit associations and whether they are to be regarded as insurance companies, see 19 Am. St. 781. On the duty of insured to negative death or accident from excepted cause, see 4 L. R. A. (N. S.) 636.