No. 26,745.

LETHA HEMBREE, *Appellee*, v. AMERICAN INSURANCE UNION, *Appellant*.

SYLLABUS BY THE COURT.

MUTUAL BENEFIT INSURANCE—*Preceding Statement as Part of Application and Contract—Waiver of Death from Pregnancy*. An application was made for membership and insurance in a fraternal benefit society, and after the examination of the applicant but before a certificate had been executed, there was an agreement between the applicant and the society, as a condition to immediate membership, that if the applicant should die from any complication arising from present pregnancy, or should become an invalid as a result therefrom, the certificate should be void, and neither the applicant nor her beneficiary should receive any benefits under the contract, and a further stipulation that the agreement of waiver should be deemed a part of the contract. Within four months thereafter her death followed as a result of pregnancy. No mention of the waiver agreement was made in the certificate, but it was stipulated that the policy, the articles of incorporation, the laws of the society, the answers, statements and warranties made in the application and in the medical examination, should constitute the contract. *Held,* that the agreement of waiver mentioned must be treated as a part of the application and contract, and that under the contract the society is not liable for the death of the member.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed June 12, 1926. Reversed.

*A. B. Keller, George R. Malcolm, C. A. Burnett* and *R. L. Robertson,* all of Pittsburg, for the appellant.

*T. W. Clark, C. S. Denison* and *E. V. Bruce,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action on an insurance contract in which judgment was rendered for plaintiff, Letha Hembree, and from which defendant, The American Insurance Union, appeals.

---

Mutual Benefit Insurance, 29 Cyc. p. 68 n. 27.

The case was determined upon a motion for judgment on the pleadings. In her petition plaintiff alleged that on April 4, 1924, defendant entered into a contract with Maude May Vanriette, insuring her life for $1,000, and that in the certificate issued plaintiff was named as beneficiary; that the insured died on June 9, 1924; that proof of death was duly made; that there was compliance with all the terms and conditions of the contract, but that defendant had denied liability and refused payment of the claim. The defendant answered that it was a fraternal beneficiary society, organized under the laws of Ohio; that Maude May Vanriette made application for membership and insurance in March, 1924; that when the application was made and before the certificate was issued she was pregnant, and that on April 16, 1924, she made and signed the following statement:

"Whereas, the undersigned has made application for membership in the American Insurance Union; and whereas, said applicant, the undersigned, is now pregnant; it is hereby understood and agreed as a condition of immediate membership that should this applicant, the undersigned, die from any complications arising from the present pregnancy, or become an invalid as a result therefrom, the certificate of membership issued upon said application for membership shall be void, and the American Insurance Union shall not be obligated to pay any benefits whatever to the undersigned applicant, or her beneficiary, or beneficiaries, and this agreement shall be part of my contract of membership and insurance."

It is alleged that the quoted statement was delivered to the defendant prior to the issuance and delivery of the certificate of membership, which occurred on April 22, 1924. It was further alleged that under the constitution and by-laws of the defendant, the certificate, articles of incorporation and laws of the society, the answers, statements and warranties made in the application for membership, and the medical examination, shall constitute the contract between the society and the member as well as the beneficiaries named in the certificate. It is admitted that the insured died on June 9, 1924, but it is alleged that she died from complications arising from the pregnancy which existed at the time the application was made and the policy executed and delivered, and that therefore no liability arose upon the contract. The certificate issued, which was made a part of the answer, provided among other things that if the application or any part of it should be in any respect untrue, the policy would be void and the insurance forfeited. Upon admissions and averments of the answer the plaintiff moved for

judgment against the defendant, which motion was sustained and judgment in favor of plaintiff for $1,000 and interest thereon was rendered.

The case turns upon the question whether or not the statement or waiver forms a part of the contract of insurance. In support of the judgment plaintiff contends that the statement of the applicant waiving benefits in case of death from present pregnancy or from complications arising from that condition, was not a part of the contract; that it consisted only of the policy, the articles of incorporation, the laws of the union, and the answers, statements and warranties made in the original application and in the medical examination. Attention is called to the laws of the union which provide specifically that these things shall constitute the contract, and further, that the certificate issued contained no exceptions on account of the pregnancy of the applicant. It did provide that—

"In consideration of the application for membership and of the warranty that each and every answer and statement made therein is full, complete and true, and of the further warranty by the applicant that they are the only answers and statements upon which this contract is made," etc.

Plaintiff further contends that the pleadings show that the application was in fact made in March, 1924, when the medical examination was had, and that the statement of waiver was not made until April 16, 1924, and that the certificate by its own terms excludes all other statements than those originally made. It appears, however, that the certificate was not executed until April 22, 1924, while the statement in question was made on April 16, 1924. The application, answers, statements and certificates all relate to the same subject matter, a single transaction of membership and insurance, and must be read and interpreted together. While statements were made when the insured first applied for insurance, the additional statement of waiver preceded the execution of the contract. We think that statement must be deemed to be a part of the application. In the statement the insured describes herself and signs the writing as applicant. She stated that she, the undersigned applicant, was then pregnant, and as a condition to obtaining immediate membership agreed that if her death arose from present pregnancy or she should become an invalid resulting therefrom, the certificate should be void, and no benefit should be paid to her or to her beneficiary. This recital was followed by the statement that it should constitute a part of the contract and of membership. She had not yet been

18—121 Kan.

accepted as a member of the union, and the statement was manifestly made to secure membership and also insurance. Her application was still pending, and she made this statement to supplement and fortify statements previously made in her unaccepted application. There was a complete understanding and agreement between the parties that there should be no obligation to pay benefits on any of the excepted grounds, and also that the agreement so made should constitute a part of the insurance contract. The contention that the agreement of waiver was not a part of the insurance contract because it was not annexed to the certificate nor specifically referred to therein cannot avail the plaintiff. The statute governing fraternal insurance does not require any particular form of contract nor state what shall constitute an application for insurance. Such organizations are authorized to enact laws, rules and regulations relating to insurance, and as stated the laws of the union provided that answers, statements and warranties made in the application are to be regarded as a part of the contract, and in our view the statement in question constituted not only a part of the application but also of the contract itself. A case quite similar in its facts is *Knights and Ladies of Columbia v. Shoaf*, 166 Ind. 367. There a beneficiary certificate was issued by the society, but before it was issued the pregnancy of the applicant was disclosed and she thereupon executed a release, whereby she waived all benefits under the certificate in case of her death resulting from pregnancy. Within four months her death occurred as a result of pregnancy, and it was held that the release was a part of the contract and that there could be no recovery for a cause expressly exempted in the contract of the parties. In *Fraternal Aid Union v. Miller*, 106 Okla. 277, insurance was procured upon an application which contained a stipulation that the member waived all benefits in the event of death or disability resulting directly or indirectly from being pregnant when the application was made. The applicant had answered a question to the effect that she was not pregnant at the time, but three months later she died from the effects of pregnancy. The court determined that it was competent for the parties to contract that no liability should arise in case of death or disability from specified causes, and because of the agreed waiver of benefits and the answers as to pregnancy being untrue, it was held that there could be no recovery on the policy. In that case there was no question as to the waiver being a part of the application, and we think there is no substantial

ground for holding that the waiver in the present case is not a part of the application. It follows that it was also a part of the contract under which defendant was expressly exempted from liability.

The judgment is reversed and the cause remanded, with the direction to enter judgment for the defendant.