Life & Casualty Insurance Company, of Tennessee, *Plaintiff in Error,* vs. E. H. Robinette, *Defendant in Error.*

Division B.
Opinion filed February 12, 1931.

*Edward S. Bridges,* for Plaintiff in Error;
*O. Edgar Williams,* for Defendant in Error.

Buford, J.—This was a suit on an insurance policy. The policy contained the following clause:

"Limitation of Insurance.—If death of insured occurs within two years from date of issuance of this policy the liability of the company under same shall be limited under the following conditions, to the return of the premium paid thereon: (1) If any policy on the life of the insured has been issued by this Company and is in force at the date hereof, unless this policy contains an endorsement signed by the President

or Secretary that this policy is in addition to such prior policy. The Company shall not be presumed or held to know of the existence of any prior policy and the issuance of this policy shall not be deemed a waiver of this condition; (2) If the insured before its date has been rejected for insurance by this or any other Company, Order or Association, or has been attended by a physician for any serious disease or complaint; or has had before its date any pulmonary disease or chronic bronchitis or cancer, or disease of the heart, liver or kidneys; or (3) If the insured shall die by his own hands, whether sane or insane, or as a result of acts committed by him while in the commission of or as a punishment for some act in violation of law, or from the malicious or unlawful act, or the culpable or intentional negligence of anyone who is a beneficiary hereunder, whether named herein or not, or from engaging in Aeronautic or Submarine operations as Operator, Passenger, Guest or otherwise. (4) If insured is pregnant at date of issue of policy and death results from such pregnancy.''

There was a Seventh plea, which was as follows:

''7. And for a further plea to the declaration, this defendant says that the said policy of insurance referred to in the declaration was issued upon the following conditions set out in said policy, in words as follows, to-wit:

'If death of insured occurs within two years from date of issuance of this policy, the liability of the company under same shall be limited under the following conditions, to the return'of the premium paid thereon: (1) If any policy on the life of the insured has been issued by this Company and is in force at the date hereof, unless this policy contains an indorsement signed by the President or Secretary that this policy is in addition to such prior policy. The Company shall not be presumed or held to know of the existence of any prior policy and

the issuance of this policy shall not be deemed a waiver of this condition; (2) If the insured before its date has been rejected for insurance by this or any other Company, Order or Association, or has been attended by a physician for any serious disease or complaint, or has had before its date any pulmonary disease or chronic bronchitis, or cancer, or disease of the heart, liver or kidneys; or, (3) If the insured shall die by his own hands, whether sane or insane, or as a result of acts committed by him while in the commission of or as punishment for some act in violation of law, or from the malicious or unlawful act, or the culpable or intentional negligence of anyone who is a beneficiary hereunder, whether named herein or not, or from engaging in Aeronautic or Submarine operations as Operator, Passenger, Guest or Otherwise. (4) If insured is pregnant at date of issue of policy and death results from such pregnancy.' ''

''And this defendant says that the death of the insured, Winifred Robinette, occurred within two years from the date of the issuance of said policy, and that the insured, Winifred Robinette, was, at the date of the issuance of said policy pregnant, and that the death of the said Winifred Robinette resulted from such pregnancy, and that by reason thereof this defendant became liable, under said policy, only to the amount of the premiums paid thereon. This defendant says that the total amount of the premiums paid on said policy amounted to $13.00 and that this defendant is only liable to the plaintiff in the sum of $13.00 and that upon notice and proof of death of the said Winifred Robinette, this defendant tendered and offered to pay to the plaintiff the sum of $13.00, which said sum so tendered and offered was refused; and this defendant herewith tenders and pays into the Registry of this Court the said sum of

$13.00 in full payment of all liability to the plaintiff under said policy.''

There was a demurrer to the Seventh Plea, as follows: ''Said plea does not state that the said Winifred Robinette knew or could have known that she 'was at the date of the issuance of said policy pregnant' and that same was to the injury of the defendant.

Said plea attempts to impute fraud upon the part of the said Winifred Robinette, but same is insufficient and not properly pleaded.''

The demurrer was overruled as to the Seventh plea.

Plaintiff filed replication to the Seventh plea as follows: ''To the said Seventh plea, this plaintiff, for replication, admits 'that the death of the insured, Winifred Robinette, occurred within two years from the date of the issuance of said policy, and that the insured, Winifred Robinette was at the date of the issuance of said policy pregnant, and that the death of the said Winifred Robinette resulted from such pregnancy,' but he denies 'that by reason thereof this defendant became liable, under said policy, only to the amount of the premiums paid thereon'. He alleges on the contrary, that upon the death of the insured, Winifred Robinette, the defendant became liable for the full amount as alleged in the Declaration by reason of the fact that the defendant, through its agent, C. L. Weaver, well knew and was fully informed of the pregnancy of the insured, Winifred Robinette, before and at the time of the issuance of said policy, and at the time same was delivered and accepted by the insured, and at the time the premium was accepted by defendant, and that by such knowledge and information the said defendant waived the condition of the policy alleged in said Seventh plea, as to the pregnancy of the insured, Winifred Robinette.''

Demurrer was filed to the replication to the Seventh plea, as follows:

"1 The said replication sets up no matter of reply to the defendant's 7th plea.

2. The said replication constitutes a departure.

3. That, as a matter of law it is immaterial whether C. L. Weaver, the agent of this defendant, knew or did not know that Winifred Robinette was pregnant before and at the time of the issuance of the policy of life insurance sued upon, or at the time same was delivered and accepted by the insured, or at the time that the premium was accepted thereon by the defendant."

The demurrer coming on for hearing, the Court allowed the plaintiff to amend his replication to the defendant's 7th plea by adding at the conclusion there the following:

"And with such knowledge the defendant specifically waived the condition of limitation of liability as set out in the policy, in that if death should occur within two years due to pregnancy that the amount of the policy should be paid in full."

Upon such amendment being made, the demurrer was overruled.

The replication was further amended by striking out the first amendment and inserting in lieu thereof the following:

"And that with such knowledge the defendant specifically waived the condition of limitation of liability as set out in the policy, in that if death should occur within two years due to pregnancy, the amount of the policy should be paid in full."

Trial was had resulting in a verdict in favor of the plaintiff.

The record shows that the insured was pregnant at the time of the issuance of the policy and that her death resulted from such condition. It is contended that because the agent of the insurance company knew of the pregnant

condition of the insured at the time the policy was written and took the application and caused the policy to be issued, with full knowledge of such condition, and then and there represented to the insured that her condition of pregnancy would not preclude her being insured under the policy, that the issuance of the policy under such conditions constituted a waiver of limitation sought to be invoked by the 7th plea.

The evidence failed to show a waiver by the insurance company or its agent of the conditions named in the above quoted provision of the policy. Had the insured died from other causes than as a result of pregnancy, the fact that she was pregnant at the time of the issuance of the policy would not have made available the limitation of liability provided in the Fourth ground of limitation of insurance heretofore quoted. This ground of limitation could only be applied where the insured was pregnant at the time of the issuance of the policy and her death resulted from such condition within two years.

The Seventh plea was a good plea to the Declaration. The allegations of this plea were not only admitted by the replication but were proven on the trial. The proof did not sustain the allegations of waiver contained in the replication to the plea. Therefore, the judgment should be reversed. It is so ordered.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

STRUM, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.