STEELE V. CAMPBELL

[No. 17,759. Filed November 19, 1948.]

*Charles A. Lowe,* of Lawrenceburg, and *Roscoe C. O'Byrne,* of Brookville, attorneys for appellant.

*Chester E. Bielby,* of Lawrenceburg, attorney for appellee.

HAMILTON, J.—This is an appeal from a decree and judgment modifying a former decree of divorce as it affected the care and custody of the minor children of appellant and appellee and an order for the pay-

ment by appellant of the support and maintenance of such children.

The error assigned is the overruling of appellant's motion for a new trial.

The decisive question presented for our consideration involves the action of the trial court in admitting in evidence over appellant's objection Exhibit B, which was a certified copy of a birth certificate showing the birth on November 22, 1946, of a male child, named Dennis Ray Cornett, to one Ilene Cornett, an unmarried woman, and which birth certificate stated the name of the father of said child to be Harold Steele, the appellant herein. The birth certificate was signed by the attending physician and duly filed with the registrar of the Division of Vital Statistics in the Department of Health in the City of Hamilton, Butler County, Ohio. The purpose of offering the exhibit in evidence was not to show the fact of the birth of the child, but to establish the fact that the appellant, Harold Steele, was the father of an illegitimate child in support of the issue tendered by appellee's cross-petition to modify the decree of divorce wherein she alleged that, subsequent to the decree of divorce, the appellant had illicit relations with women of loose character; that, by reason of such illicit relations, the appellant has been named as the father of an illegitimate child, and by reason of said facts, was not a fit, proper, or suitable person to have the care, custody, and control of the three minor children of appellant and appellee.

Appellant objected to the offered exhibit upon the ground that "the certificate purports to contain information obtained from someone to the effect that Harold Steele is the father of the child of Eileen Cornett, but this is hearsay as to Harold Steele and there is noth-

ing in this certificate to show that he admits he is the father of this child, and until it is brought home by some other competent evidence, it would not be binding upon him." The objection was overruled and the exhibit was admitted in evidence.

Appellee contends that the exhibit was properly admitted in evidence for the following reasons, *viz.*: 1. that the statements contained in the birth certificate were made at the time of the birth of the child; 2. that as a public record of the State of Ohio full faith and credit must be given thereto by the courts of Indiana; 3. that said birth certificate was admissible under the pedigree exception to the hearsay rule.

We are unable to agree with appellee's contentions, and it is our opinion that appellant's objection to said exhibit should have been sustained.

It has been held that statutes requiring the filing of births, deaths, and marriages are enacted by the state in exercise of the police power of the state to prevent the spread of contagious diseases, and generally to promote the public health and welfare; that within its legitimate objects and purposes such a record is proper evidence. However, such a statute does not interfere with private rights or create a new rule of evidence. *Brotherhood, etc.,* v. *Barton* (1910), 46 Ind. App. 160, 168, 92 N. E. 64.

Our Supreme Court has held that, where a certified copy of a public record is offered in evidence and contains incompetent matter, it is inadmissible in evidence. *Modern Woodmen, etc.,* v. *Miles* (1912), 178 Ind. 105, 112, 97 N. E. 1009.

The record fails to disclose any showing that the appellant gave any information or in any way au-

thorized the statement contained in the birth certificate to the effect that he was the father of the child named therein.

Upon the record before us, we are convinced that, under the Indiana authorities, the court erred in admitting Exhibit B in evidence. *Brotherhood, etc.,* v. *Barton, supra; Pence* v. *Myers* (1913), 180 Ind. 282, 286, 101 N. E. 716; *State* v. *Schaller* (1942), 111 Ind. App. 128, 137, 40 N. E. 2d 976; *McCoy* v. *General Glass Corp.* (1939), 106 Ind. App. 116, 17 N. E. 2d 473; *Craiger* v. *Modern Woodmen, etc.,* (1907), 40 Ind. App. 279, 282, 80 N. E. 429; *Union Central Life Insurance Company* v. *Hollowell* (1896), 14 Ind. App. 611, 43 N. E. 277.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 82 N. E. 2d 274.