**JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,**
Appellant,

v.

**Frank C. SERIO, Administrator of the Estate of Bill Bowden, Deceased, Appellee.**

No. 2862.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 13, 1961.

Decided Jan. 8, 1962.

Henry H. Paige, Washington, D. C., with whom John M. Lynham, Washington, D. C., was on the brief, for appellant.

Arthur P. Drury and John E. Powell, Washington, D. C., also entered appearances for appellant.

Sommers T. Brown, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

QUINN, Associate Judge.

Appellee's decedent [1] brought this action on a group insurance policy, issued by appellant, to recover $421.90 expended on his wife's hospitalization and treatment for a threatened miscarriage. The controversy in the trial court and on this appeal centers on whether her condition was "a result of" accidental injury, binding appellant to pay full compensation, or "a result of pregnancy (which term includes resulting childbirth or miscarriage)," for which appellant's obligation was limited to $160, the maximum "Pregnancy Expense Benefit." [2]

The testimony, in brief, was as follows: In September 1959, Mrs. Bowden, a covered dependent, accidentally fell down a flight of stairs in her home. Two days later she began to hemorrhage. Her physician said she was experiencing a threatened miscarriage, being three months pregnant, and ordered her to the hospital. She returned to the hospital the following month, and again in February 1960 and gave birth to a healthy, normal baby.

Two physicians, one appearing for each party, were asked their opinions of the cause of the threatened miscarriage. Mrs. Bowden's doctor declared: "I would like to say that it is my impression, medically speaking, that Mrs. Bowden's fall was precipitated, or Mrs. Bowden's threatened miscarriage was initiated by her fall two days previously." Appellant's medical expert, on the other hand, was doubtful whether falls or blows, even of a severe nature, of themselves have such effect, except perhaps in exceptional cases. He thought it unlikely that Mrs. Bowden's fall produced the threatened miscarriage, although he did not go so far as to exclude the possibility.

■ The words "as a result of" are identical in meaning to "resulting from," which latter phrase our United States Court of Appeals, in American Insurance Co. of City of Newark v. Keane,[3] considered equivalent to the test of proximate cause. Where two concurrent causes unite in a result, the question of proximate cause is

1. Mr. Serio was substituted as appellee herein when Mr. Bowden and his family lost their lives in a fire which swept their home in April 1961.

2. "Major Medical Expense Benefits: If any dependent of an employee, while insured under this Policy for Major Medical Expense Insurance, and as a result of
"(a) an accidental bodily injury which does not arise out of and in the course of employment, * * * becomes confined in a legally constituted hospital and incurs covered medical expenses for hospital charges (charges made to the dependent in connection with such confinement) * * * a benefit shall be payable * * *."
"Covered Medical Expenses: Subject to the provision hereof entitled 'Exclusions', the term 'covered medical expenses' shall mean the necessary and reasonable charges made to the employee for the services and supplies listed below * * *."
"Exclusions. The term 'covered medical expense' shall not include expenses for * * *

"(f) any item described in the provision hereof entitled 'Covered Medical Expenses',
"(v) which is received as a result of pregnancy, * * *."
"Pregnancy Expense Benefit. If the wife, while a dependent of the employee, as a result of pregnancy (which term includes resulting childbirth or miscarriage) undergoes a surgical operation or becomes confined in a legally constituted hospital, while insured under this Policy, or after the date her insurance ceased if the pregnancy existed on the date her insurance ceased, a benefit is payable to the employee in an amount equal to (a) the surgical fees actually charged to the employee for such operation, or (b) the charges which are made to the employee by the hospital in connection with such confinement, or to any combination of such fees and charges, but in no event shall the total amount payable for such fees and charges resulting from any one pregnancy exceed $160; * * *."

3. 98 U.S.App.D.C. 152, 233 F.2d 354 (1956).

not, as appellant argues, settled by testing whether the result would have followed "but for" one or the other of the contributing causes. So, in this case, appellant may not avoid full liability simply because the threatened miscarriage would not have occurred without Mrs. Bowden's pregnancy. Rather the decision depends on isolating which of the two factors, the fall or the pregnancy, was the predominant cause, "the efficient cause, the one that necessarily sets the other causes in operation." [4]

In support of its position appellant cites several life insurance cases wherein the courts have denied benefits for death caused by puerperal septicemia, the policies disclaiming coverage for death "resulting from pregnancy." [5] As pregnancy encompasses the stage of actual delivery, it is held that the term also includes the risk of infection attendant upon such delivery; the advent of infection is not regarded as an independent, intervening disease breaking the chain of causation. [6] But we would differentiate between complications of delivery where the patient is incapacitated, and the condition of normal pregnancy prior to delivery, as effected by some intruding external agency. [7] In this latter case the woman's delicate condition may pre-dispose her to injury, but it is not "a morbid or abnormal condition of such quality or degree that in its natural and probable development it may be expected to be a source of mischief * * *." [8] This distinction is enforced in those cases where advanced age has made a party susceptible to injury, and recovery has been allowed despite the weakened condition and its influence on the ensuing injury. [9] In this same manner, it has been said, "If a man with an abnormally thin skull be struck a blow which would not seriously injure a normal man, but which causes his death, it is perfectly plain that the cause of death is not the thinness of the skull, but the receipt of the blow." [10] We view this case as presenting much the same situation, though in a different setting. It was the fall, not the pregnancy or its usual effects, which set in motion all those forces culminating in Mrs. Bowden's threatened miscarriage. This was the testimony of her physician and the version which the jury elected to believe. We hold therefore that Mrs. Bowden's confinement in the hospital on the first two occasions was the result of accidental bodily injury rather than the result of her pregnancy.

Affirmed.

4. Aetna Ins. Co. v. Boon, 95 U.S. 117, 130, 24 L.Ed. 395, 398 (1877), cited with approval in The G. R. Booth, 171 U.S. 450, 456, 19 S.Ct. 9, 11, 43 L.Ed. 234, 238 (1898), and American Insurance Co. of City of Newark v. Keane, 98 U.S.App. D.C. 152, 158–159, 233 F.2d 354, 360–361 (1956).

5. Shinn v. Family Reserve Ins. Co., 33 Ala.App. 281, 33 So.2d 741, cert. denied 250 Ala. 194, 33 So.2d 743 (1948); Life & Casualty Ins. Co. of Tennessee v. Robinette, 101 Fla. 871, 132 So. 690 (1931); Knights and Ladies of Columbia Ins. Order v. Shoaf, 166 Ind. 367, 77 N.E. 738 (1906); Life & Casualty Ins. Co. v. Walters, 190 Miss. 761, 198 So. 746, 200 So. 732 (1940); Thompson v. Royal Neighbors of America, 154 Mo. App. 109, 133 S.W. 146 (1910); Lee v. Metropolitan Life Ins. Co., 180 S.C. 475, 186 S.E. 376 (1936); 1 Appleman, Insurance Law and Practice § 428.

6. See generally 1 Appleman, Insurance Law and Practice § 421.

7. Cf. Morrett v. Metropolitan Life Ins. Co., 154 Misc. 825, 279 N.Y.S. 25 (1934).

8. Cardozo, C. J., in Silverstein v. Metropolitan Life Ins. Co., 254 N.Y. 81, 171 N.E. 914, 915 (1930). See Prudential Ins. Co. of America v. McKeever, D.C. Mun.App., 89 A.2d 229 (1952), affirmed at 92 U.S.App.D.C. 190, 204 F.2d 59 (1953); 1 Appleman, Insurance Law and Practice § 403.

9. E. g. Aetna Life Ins. Co. v. Young, 3 Cir., 113 F.2d 601 (1940); American Casualty Co. v. Jones, Tex.Civ.App., 146 S.W.2d 423 (1940).

10. Mutual Life Ins. Co. of New York v. Dodge, 4 Cir., 11 F.2d 486, 489 (1926).