## Gibralter Mutual Life Insurance Co., Inc. *v.* Pitts.

[No. 19,393. Filed May 14, 1962.]

*Anderson, Hicks & Anderson,* of Gary, for appellant.

*Orval W. Anderson* and *Thomas R. Fadell,* both of Gary, for appellee.

RYAN, C. J.—This was an action brought by the appellee against the appellant to recover death benefits which were allegedly due under a policy of life insurance which was issued by the appellant upon the

life of one Lucy Stewart and in which the appellee was the beneficiary. Trial was had by a jury; a verdict was rendered in favor of the appellee, and consistent judgment followed. The appellant then filed its motion for a new trial, containing specifications that the verdict or decision is not sustained by sufficient evidence and is contrary to law, and on the ground of newly discovered evidence. The motion for a new trial was overruled and the appellant now assigns as error the overruling of such motion.

There is no argument in the brief as to the question of newly discovered evidence, and therefore the only questions presented to us on this appeal are the first two specifications in the motion for a new trial, that the verdict or decision is contrary to law and is not sustained by sufficient evidence.

In support of its contention the appellant advances two main arguments, the first of these being based upon a rather comprehensive limitation clause, which reads as follows:

"LIMITATIONS OF INSURANCE. The liability of the Company shall be limited to the return of premiums paid hereon if the Insured is not in sound health and free from injury on the Date of Issue of the Policy, or if, within 1 year after the Date of Issue the Insured dies as a result of tuberculosis, cancer or other malignancy, cerebral hemorrhage, paralysis, rheumatism, arthritis, hypertension, coronary thrombosis, arteriosclerosis, venereal disease, suicide (whether sane or insane) or any disease of the heart, liver or kidneys."

Appellant contends that the "certificate of death" and the "statement of the attending physician" introduced in evidence by appellant show that the cause of death was "Cerebral Vascular Accident" with a contributing cause of "Hypertension," and since the

assured died within one (1) year of the date of issue of the policy, appellant is relieved of liability on its contract because of the limiting clause cited above.

Death from an excepted cause in an insurance policy within the time fixed by such exclusionary provision is a matter of defense, and the burden rests on the insurer to allege such defense by answer and to prove by a preponderance of the evidence the fact of death from such excepted cause within the time limit named. *Red Men's, etc., Assn.* v. *Rippey* (1913), 181 Ind. 454, 103 N. E. 345.

In the cases of *Brotherhood, etc.* v. *Barton* (1910), 46 Ind. App. 160, 92 N. E. 64, and *Modern Woodmen, etc.* v. *Miles* (1912), 178 Ind. 105, 97 N. E. 1009, both this court and the Supreme Court enunciated the principle that the statements made on such certificates as tending to show the cause of death were not competent evidence and as such were inadmissible. See also *Steele* v. *Campbell* (1948), 118 Ind. App. 549, 82 N. E. 2d 274.

After the *Brotherhood* and *Modern Woodmen* cases, *supra,* were cited, the legislature by the Acts of 1913, ch. 239, amended the Acts of 1907, ch. 152, by inserting the following language:

> "They shall, upon request, furnish any applicant a certified copy of the record of any birth or death registered under the provisions of this act, and such copy of the record of a birth or death, when properly certified by the secretary of said board to be a true copy thereof, shall be prima facie evidence in all courts and places of the facts therein stated."

See also Lowe's Revision of Works' Indiana Practice, §44.21. However, the Acts of 1949, ch. 157, repealed the Acts of 1907 and 1913, and the Acts of 1949 no longer contain the language which we quote above.

In view of the fact that the General Assembly has seen fit to delete such language from its most recent legislative enactment, and upon the reasoning stated in the *Brotherhood* and *Modern Woodmen* cases, *supra,* we hold that the statements in the death certificate and the certificate of the attending physician which tend to show the cause of death of the assured in this case are without probative value. The record discloses evidence to the effect that immediately prior to the death of the decedent she suffered a fall which caused a swelling upon her head. The jury would thus be perfectly entitled to reach the conclusion that the traumatic experience undergone by the decedent was in fact the cause of death. Such traumatic experience would remove the death from the limitation clause which we have quoted above.

The second contention of the appellant is that the appellant offered a check in the amount of Twenty-six Dollars and Forty Cents ($26.40) which was allegedly a return of the premium paid, and that the acceptance by the appellee of such check was a discharge of the appellant's liability under the policy.

As to the check, there was evidence to disclose that the amount of such check was twenty (20%) per cent less than the premium paid, and there was evidence to indicate that at the time the appellee endorsed such check there was nothing on the back thereof except a place to sign her name. It is also true that there was evidence that at the time the appellee endorsed the check it contained the following typewritten words:

"This check properly endorsed is settlement in full on Policy # E 85-885, issued to Lucy Stewart, deceased."

There is also evidence that at the time the check was given to the appellee it was represented to her that it was in the nature of a dividend and that the full proceeds of the policy would be paid at a later. date.

To uphold the appellant's contention as submitted to us would require us to weigh the evidence and determine the credibility of the witnesses, which is a principle that this court has consistently rejected.

The judgment is therefore affirmed.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 450.