Kent M. GILMER, as Personal Representative of the Estate of Lynette M. Gilmer, Appellant–Plaintiff,

v.

Dawn CARNEY and Denise Pletcher, Appellees–Defendants.

No. 50A03–9201–CV–014.

Court of Appeals of Indiana, Third District.

Feb. 4, 1993.

Rehearing Denied April 19, 1993.

John C. Firth, Richard A. Rice, Sopko & Firth, South Bend, for appellant-plaintiff.

John R. Obenchain, Jones, Obenchain, Ford, Pankow & Lewis, Robert J. Palmer, Wendell W. Walsh, May, Oberfell & Lorber, South Bend, for appellees-defendants.

GARRARD, Judge.

Lynette Gilmer died as the result of an automobile collision that occurred on the morning of August 27, 1986. She was a passenger, together with Marilee Carney–Scott, in an automobile driven by Dawn Carney. The three were on the way to Shipshewana, where they intended to go shopping. During the ride Gilmer supplied directions on how to get to Shipshewana.

They were driving easterly on County Road 36 and came to its intersection with County Road 13. The intersection was controlled by stop signs for traffic on County Road 36. Carney stopped at the intersection, but then entered it in the face of another car being driven southbound on County Road 13 by Denise Pletcher. When Carney's car was about two thirds through the intersection it was struck by the Pletcher vehicle. Gilmer died of the injuries received in the collision.

Kent Gilmer, as personal representative of her estate, brought this action against both Carney and Pletcher. Jury trial resulted in a finding that Carney was 100% at fault and an award of $300,000.

Gilmer appeals contending that it was error to permit the investigating police officer to testify concerning his opinion of contributing circumstances to the collision. Carney cross appeals asserting error in the exclusion of her contention of joint enter-

prise, in the exclusion of evidence that Kent Gilmer had remarried, and in the admission into evidence of a certified copy of Lynette Gilmer's death certificate.

## I.

■ During the trial officer Shireman, who had investigated, was called as a witness and over Gilmer's objection testified:

Q. Officer, as part of your investigation, did you make a determination as to the contributing circumstances in connection with this accident?

A. Yes, the contributing circumstance was the failure to yield the right-of-way.

Q. By which driver?

A. It would be by Dawn Carney.

Q. Did you, sir, make a determination as to any contributing circumstances pertaining to Denise Pletcher?

A. There was no determination made of circumstances on her part. There were none.

Gilmer argues that this testimony violates the principle repeated in *Marks v. Gaskill* (1989) Ind.App., 546 N.E.2d 1245, *aff'd* 563 N.E.2d 1284 that expert witnesses should not testify to legal conclusions such as fault.

Assuming *arguendo* that Gilmer is correct, reversal is unnecessary unless the complaining party was harmed by the error. *Marks, supra.* No harm to Gilmer has been shown. While he asserts that the opinion impacted upon the jury's duty to assess comparative fault, he makes no assertion of any evidence that would have supported a determination that Pletcher was negligent. The jury determined that Carney was 100% at fault and, accordingly, awarded Gilmer 100% of the damages to which the estate was entitled. It necessarily follows that Gilmer suffered no legal prejudice from the admission of the testimony.

## II.

Carney's cross appeal asserts her contention that the jury should have been instructed that they might impute her negligence to Gilmer on the theory of joint enterprise. Carney attempted to present this contention through pretrial proceedings and through a proposed final instruction to the jury. The court did not err in refusing the proposed amendments and the instruction.

■ Carney has misperceived the purpose and application of the doctrine of imputed negligence through joint enterprise. It is limited to actions against a third party, as where an injured passenger may have his recovery against a third party diminished or defeated because of negligence on the part of his own driver with whom he is engaged in a joint enterprise.[1] *Cf. McKinney v. Public Service Co.* (1992) Ind.App., 597 N.E.2d 1001. That is to say, it has no application where one member of a joint enterprise riding as a passenger in an automobile seeks to recover for injuries sustained as the result of the negligence of the driver, who happens to also be a member of the enterprise. 7A Am.Jur.2d *Automobiles and Highway Traffic* § 760 (1980) and cases cited in n. 63. Actions for negligence between the members of a joint enterprise are thus similar to those between partners or principal and agent. The injured party will not be denied all remedy merely because of the existence of the relationship.

■ Therefore, while the theory of joint enterprise might have been pertinent to Gilmer's claim against Pletcher, any error in its omission was necessarily harmless to Carney. Moreover, the court correctly applied the law by denying Carney's attempts to impute her own negligence to Gilmer as a defense to Gilmer's claim against her.

## III.

■ Carney contends the court erred when it refused to permit her to introduce

---

1. We do not mean to suggest that a joint enterprise between the decedent and Carney was indeed established. *See State v. Speidel* (1979) 181 Ind.App. 448, 392 N.E.2d 1172 for a consideration of the elements of joint enterprise.

evidence that Kent Gilmer had remarried. She concedes that Indiana has long held that evidence of remarriage is not admissible to mitigate damages in a wrongful death action. *See, e.g., City of Bloomington v. Holt* (1977) 172 Ind.App. 650, 361 N.E.2d 1211.

■ She asserts that the enactment of IC 34-4-36-1,2 concerning payments from collateral sources should be read as changing our traditional common law view. We disagree. The statute is quite explicit. It permits admission into evidence proof of (1) collateral source *payments* (with three exceptions), (2) the *amount of money* the plaintiff is required to repay and (3) the *cost* of collateral benefits received. By its own terms the statute clearly addresses only evidence of monetary payments. Since statutes in derogation of the common law are to be strictly construed and should not be extended beyond their express terms or what they unmistakably imply, *Indianapolis Power & Light v. Brad Snodgrass, Inc.* (1991) Ind., 578 N.E.2d 669, IC 34-4-36-2 should not be extended to embrace nonmonetary items such as remarriage.

Carney also invites us to simply abandon our prior decisions in favor of the minority view which admits evidence of remarriage. We decline to do so.

### IV.

■ Finally, Carney argues that the admission of Lynette Gilmer's death certificate into evidence for the purpose of proving the cause of death was in error. We agree. *Gibraltar Mut. Life Ins. Co. v. Pitts* (1961) 133 Ind.App. 361, 182 N.E.2d 450. When, however, the certificate is merely cumulative to other evidence, its admission is harmless. *Moore v. State* (1984) Ind., 467 N.E.2d 720. That occurred in this instance. The coroner was permitted to testify to the cause of death without objection. Admission of the certificate was harmless error.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.